UNITED STATES of America,
Plaintiff-Appellee,

v.

Donald ROGANOVICH and Victor Santangelo, Defendants-Appellants.

No. 13951.

United States Court of Appeals
Seventh Circuit.

June 5, 1963.

Bernard M. Mamet, Chicago, Ill., for appellants.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Fort Wayne, Ind., for appellee, Charles Donahue, Sol., James R. Beaird, Assoc. Sol., Herman Grant, Regional Atty., Nathan Dodell, Mitchell Strickler, Attys., U. S. Dept. of Labor, of counsel.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

This cause arises out of a disturbance at a meeting of the membership of Local Union 395, International Association of Bridge, Structural and Ornamental Ironworkers, AFL–CIO. Union Business Representative Peter Parker had made a report in which he said that he had issued permits to non-members because, owing to the danger, he could not find Local 395 members willing to work on the slip-form job involved.

There was a conflict of testimony as to the subsequent occurrences. The Trial Judge weighed the evidence and, based on the testimony he found most worthy of belief, he found the facts to be as indicated in the following brief factual summary.

Member Robert Robbins, after being recognized by the President of Local 395, commented on the report, citing his own experience, and expressing doubt that members willing to do the work in question could not be found.

Someone from the floor called out, "He is calling you a liar, Pete." Business Representative Parker walked down from the platform toward Mr. Robbins, asking, "Are you calling me a liar?" to which Mr. Robbins replied, "No, I am

just making a statement." Then, to quote the Trial Judge:

"As Parker approached Robbins, a large number of men gathered around. After the colloquy between Parker and Robbins, Parker backed away; but the defendant, Roganovich, moved in with a right to Robbins' jaw, which staggered him, and at approximately the same time, Santangelo climbed on Robbins' back, forced him to the floor, and kicked Robbins as he was being restrained by other persons in the group. Roganovich was a member of Local 395, and Santangelo was a member of a Detroit Local who was working in this area under a permit from Local 395.

"All the time this scuffle was going on, other members were trying to restrain Roganovich and Santangelo; and the President and other officers were trying to restore order. Order was eventually restored, and 'a little more business was transacted,' and the meeting was soon adjourned. Robbins testified that he did not ask for the floor to resume his remarks after the affray."

The defendants, Donald Roganovich and Victor Santangelo, were indicted as having unlawfully and wilfully, through use of force and violence, restrained coerced and intimidated, and attempted to restrain, coerce and intimidate Robert Robbins, a member of a labor organization within the meaning of 29 U.S.C. §§ 402(i) and (j), for the purpose of interfering with and preventing his exercise of his rights under 29 U.S.C. § 411(a)(2), i. e., to express his views on union business then under discussion and properly before the union meeting, in violation of 29 U.S.C. §§ 411(a)(2) and 530.

On trial by the Court, sitting without a jury, the defendants were found guilty, sentenced to serve one year imprisonment and to pay a fine of $100 each (plus costs). The jail sentences were suspended and probation for one year imposed instead. This appeal followed.

The defendants contend that Congress in enacting the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 411(a)(2) and 530, intended to legislate only within the area of union-member relationships and not within member-member relationships; and that defendants were not charged as being in any way connected with any officer or agent of the union, but were charged merely as individuals. The defendants characterize the enforcement provisions here involved, § 530[1] as the criminal counterpart of § 412[2] which sets out civil remedies. They assert that neither section creates rights; that each merely supplies sanctions for violations of rights set out elsewhere in the Act; that Congress intended to safeguard members only from "socalled 'bosses and racketeers'", and not to create any rights in individual members standing alone or in relation to other individual members. The defendants thus argue that giving the statute the construction requested by the government would be incompatible with the end sought: the correction of abuse between labor unions, their officers and representatives, in relation to members.

---

1. "It shall be unlawful for any person through the use of force or violence, or threat of the use of force or violence, to restrain, coerce, or intimidate, or attempt to restrain, coerce, or intimidate any member of a labor organization for the purpose of interfering with or preventing the exercise of any right to which he is entitled under the provisions of this chapter. Any person who willfully violates this section shall be fined not more than $1,000 or imprisoned for not more than one year, or both."

2. "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

The defendants also contend that the government failed to sustain its burden of proving the gravamen of the crime, that the record shows only that a union member was struck by the defendants after making some remarks on the floor of a meeting, not that such physical assault was committed for the express purpose of interfering with his right of free expression under the Act.

The language of § 411(a) (2) is clear and unambiguous. It gives "every member" a "right * * * to express * * his views" respecting "any business properly before the meeting." None of the stated limitations (provisions for reasonable rules governing meetings, responsibility of members to the union, or interference with performance of the union's legal or contractual obligations) affect the question before us.

■ Section 530 invokes criminal sanctions against "any person," not merely against union officers or agents.

In Tomko v. Hilbert, 3 Cir., 1961, 288 F.2d 625, cited by both parties, the Court distinguished §§ 530 and 412. In Tomko, suit was predicated on § 412 seeking redress against a private wrong. Section 412 makes specific provision for "Any such action against a labor organization" etc. The Court in Tomko stressed the fact (288 F.2d page 626) that there was no indication that the substantive provisions of the Act could be enforced against "any person"[3] by a civil action. The Court then went on to observe (288 F.2d pages 626–627) that criminal sanctions were contained in the Act which made it unlawful for *any person* to interfere or attempt to interfere, by force, with the exercise of a union member's rights under the Act.

■ We cannot agree with defendants' construction of § 530 as merely the criminal counterpart of, and no broader than, the civil enforcement section, § 412. Section 412 refers to infringement of rights by any violation of the subchapter. Section 530 deals only with use or threat "of force or violence, to restrain" etc.

As urged by both parties, we have studied the legislative history of the Act. We conclude that Congress was seeking to preserve for union members the right of free expression secure from interference by force or threat of force from *any person*, not merely from union agents or those acting on behalf of, or in concert with, them. Thus we must also conclude that § 530 as construed by the Trial Court, contrary to defendants' assertions, does bear a reasonable relationship to the ends sought to be achieved by Congress.

■ Our scrutiny of the record satisfies us that the Trial Judge was justified in drawing the inference that the defendants were attempting to interfere with Mr. Robbins' expression of his views. We must agree with the District Judge's statement:

"Mr. Robbins had the floor at the time; he was criticising a report of a Business Agent of the Union, a right which is guaranteed to him under this Act. The Union was in regular session, was conducting business pertaining to the Union which was properly before the Union. The only purpose of this altercation as shown by the evidence, in my opinion, was either in reprisal of or to prohibit *Robbins* from exercising free speech. * * *

"I do not mean to imply by this ruling that any altercation between two Union members that might take place on the floor of a Union Hall would be a violation of this Section. If two Union members got into a dispute * * * over something not in any way pertaining to the business of the Union, and a fight took place on the Union floor, it would be obviously only assault and

3. As defined in § 402(d):
  "'Person' includes one or more individuals, labor organizations, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in bankruptcy, or receivers."

battery, and would not fall within the provisions of this Act."

The decision of the District Court is affirmed.

Affirmed.