Frank **SCHONFELD**, individually and as Secretary-General of District Council 9, International Brotherhood of Painters & Allied Trades, AFL–CIO, Plaintiff,

v.

S. Frank **RAFTERY**, as President of the International Brotherhood of Painters & Allied Trades, AFL–CIO, et al., Defendants.

No. 70 Civ. 2544.

United States District Court,
S. D. New York.

Oct. 5, 1971.

See also, D.C., 335 F.Supp. 854.

Martin Raphael, Long Island City, N. Y., for plaintiff.

Vladeck, Elias, Vladeck & Lewis, New York City, for defendants; Stephen C. Vladeck, Allan M. Frost, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

In this action seeking declaratory and injunctive relief under § 101(a) of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 411 (a) ["LMDRA"], defendants Raftery and Di Silvestro move to dismiss the complaint on the grounds that (1) the court lacks subject matter jurisdiction, (2) the plaintiff fails to state a claim upon which relief can be granted, (3) plaintiff has failed to join an indispensable party, and (4) the issues raised are barred by application of the doctrines of res judicata or collateral estoppel.

## Background

The claims presented arise from a continuing dispute between the Secretary-Treasurer of District Council 9 ("Council 9") of the Brotherhood of Painters, Decorators and Paperhangers of America, AFL–CIO ("Brotherhood"), and the leadership of the Brotherhood. Council 9 is one of ten subordinate bodies of the Brotherhood and is composed of some twenty-seven local unions divided into two groups: (1) the painters and paperhangers, 20 locals ("painters' locals"), and (2) six local unions in other related fields ("autonomous locals"). Plaintiff is the Secretary-Treasurer of Council 9 and a member of painters' local 1011.

The Secretary-Treasurer is elected by all the locals, but has authority to negotiate and enforce contracts for the painters' locals only. Each autonomous local bargains collectively for itself and elects its own negotiating officers without participation by the painters' locals.

Plaintiff contends that this voting scheme, prescribed by the Brotherhood's constitution and Council 9's bylaws, discriminates against members of the painters' local and violates their equal right to vote because (1) it permits members of the autonomous locals, but not of the painters' locals, both to vote for the Secretary-Treasurer and choose their own negotiators and (2) it permits members of the autonomous locals to vote for the negotiator for the painters' locals (who is the Secretary-Treasurer) but does not permit members of the painters' locals to vote for the negotiator for the autonomous locals.

Plaintiff has exhausted his union remedies. In the course of his fruitless attempts to amend the bylaws, the plaintiff alleges that a number of incidents occurred which were infractions of the "Bill of Rights of Members of Labor Organizations," § 101(a) of the LMRDA.

## Jurisdiction

Section 102 of the LMRDA, 29 U.S.C. § 412, provides that "[a]ny person" whose rights under § 101 of the LMRDA, 29 U.S.C. § 411, are violated "may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate." Section 101 provides members of labor organizations with a "Bill of Rights" including, in § 101(a) (1), "equal rights and privileges . . . to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws." Section 101(a) (2) assures "Freedom of speech and assembly"; (a) (3) regulates dues, initiation fees and similar matters; (a) (4) guarantees that "no labor organization shall limit the right of any member thereof to institute an action in any court"; (a) (5) provides for due process procedures in disciplinary actions. Section 101(b) instructs that "[a]ny provision of the constitution and bylaws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect."

Distinct from the guarantee of an equal right under § 101, Title IV of the LMRDA, 29 U.S.C. §§ 481–483, governs the *actual conduct* of union elections. Its provisions vest the Secretary of Labor with broad supervisory authority over the conduct of union elections and requires that any complaints from union members as to the conduct of the election must be first presented to the union and, having once exhausted that route, must then be presented to the Secretary of Labor. The Secretary is instructed to investigate such complaints and is authorized to "bring a civil action against the labor organization as an entity in the district court of the United States." (29 U.S.C. § 482(b)).[1]

---

1. Defendants also raise a further issue, whether the complaint states a claim upon

which relief can be granted. However, no attempt has been made to support

## a) *Right to Equal Vote*

In the instant action, defendants contend that the complaint involves the conduct of elections for which plaintiff's exclusive remedy as to any grievances must be application to the Secretary of Labor under Title IV. Accordingly, they assert that this court lacks jurisdiction. This argument might have had merit if it were not that the passage of time has mooted the eighth cause of action, which sought court intervention in a union election scheduled at the time the complaint was filed. The plaintiff himself concedes that this cause of action has been mooted. He therefore urges that the complaint deals only with matters arising under Title I and that the court therefore has jurisdiction.

▉ Shorn of the eighth cause of action, what remains in the complaint arises squarely under Title I of the LMRDA. Without reaching the merits of the claims presented, we hold that they properly allege violations of rights guaranteed in § 101 of the LMRDA and do not involve the conduct of any specific election for which Title IV is provided as the sole avenue for redress of grievances.

Plaintiff rests his claims on the grant of "equal rights and privileges . . . to vote in elections . . . subject to reasonable rules and regulations . . ." Plaintiff's allegations that this guarantee in § 101(a) is violated by the voting system (as distinct from the conduct of that system) and the division of negotiating authority are within the scope of Title I. Because the allegations as to any specific election are moot, we have no occasion here to decide whether these claims (eighth cause of action) would have fallen outside of the jurisdiction of § 102 and within that of the Secretary of Labor under Title IV.

▉ The court has jurisdiction to determine whether the *scheme* of voting

for negotiators has diminished a union member's right to vote under § 101(a). Since collective bargaining agreements are at the heart of a labor union's purpose and function, a selection of such negotiators must surely fall within the scope of a union member's voting rights. The court also has jurisdiction of the question whether the provisions of the union constitution and bylaws are "reasonable" within the meaning of the Title I guarantees. See Hickey, Jr., "The Bill of Rights of Union Members," 48 Geo.L.J. 226, 251–254 (1959).

Title IV, § 401 of the LMRDA, 29 U.S.C. § 481, does not address itself either to the diminution through a union's rules and regulations of an equal vote for a contract negotiator or the provisions of the constitution and bylaws as to voting. The complaint as it now stands is a direct attack on those provisions of the union's constitution and bylaws which are alleged to be inconsistent with the provisions of § 101(a). If the allegations can be proven under § 101(b), the violative union rules "shall be of no force or effect." Inasmuch as Title IV is inapplicable, and in light of the holding in Calhoon v. Harvey, 379 U.S. 134, 139, 85 S.Ct. 292, 296, 13 L.Ed. 2d 190 (1964), "that possible violations of Title IV of the Act regarding eligibility [to nominate candidates] are not relevant in determining whether or not a district court has jurisdiction under § 102 [29 U.S.C. § 412] of Title I of the Act," the defendants' contention that "Title IV . . . establishes an exclusive method for protecting the rights of union members guaranteed by Title I" (Memorandum in Support of Defendants' Motion to Dismiss, at 2) is without merit.

▉ We hold that the claim arises under Title I and directly attacks the present constitution of the Brotherhood and bylaws of Council 9, and accordingly jur-

this bare assertion, and none of the (seven remaining) causes of action has been specified as failing to state a claim in itself. As indicated in the text of this memorandum, the complaint states a num-

ber of properly framed claims arising under § 101(a) of the LMRDA for which plaintiff seeks declaratory and injunctive relief. Accordingly, the motion to dismiss under Rule 12(b) (6) is denied.

isdiction over this subject matter is conferred on this court under § 102 of the LMRDA. Navarro v. Gannon, 385 F.2d 512, 520 (2d Cir. 1967), guides us to this conclusion by its observation that Calhoon v. Harvey, supra, "clearly implied that the voting rights protected by Section 101(a) (1) must be directly attacked to warrant suit under Section 102."

b) *Right of Freedom of Speech, etc.*

■ Subject matter jurisdiction is also present as to plaintiff's allegations in paragraphs 39, 48–52, and 59–66 of the complaint that he was denied the rights of "freedom of speech and assembly" as guaranteed in § 101(a) (2). Salzhandler v. Caputo, 316 F.2d 445 (2 Cir. 1963).

c) *Criminal Enforcement*

■ Although jurisdiction exists as to the elements described immediately above, it does not exist as to that portion of the complaint which alleges violations of § 610 of the LMRDA, 29 U.S.C.A. § 530,[2] making it unlawful for any person by force or violence to deprive a union member of his rights. The provisions of § 610 cannot be enforced by civil action, United States v. Roganovich, 318 F.2d 167, 170 (7th Cir. 1963), and cases cited therein. Plaintiff has no standing to enforce these criminal provisions, and accordingly so much of the 53rd paragraph of the complaint as alleges a violation of § 610 is dismissed.

Finally, it should be noted that defendants' contention that the relief sought here would be contrary to the constitution of the Brotherhood involves the very merits of the claim raised. It is not a basis for dismissal.

Accordingly, the motion to dismiss for lack of jurisdiction is denied, except as to the alleged violation of § 610 of the LMRDA.[3]

*Joinder of Council 9*

Defendants contend that "Rule 19 of the Federal Rules of Civil Procedure requires that District Council [9] be a party to this action. Since it is not, the complaint should be dismissed in accordance with Rule 12(b) [7]." (Memorandum in Support of Defendants' Motion to Dismiss, at 8). Plaintiff replies that defendant Morris Young is the President of Council 9 and that his presence before the court is sufficient under the Rules.

The relief sought here includes revision of the Council 9 bylaws, which only Council 9 can effectuate. Unless Council 9 is a defendant, complete relief cannot be granted; and, of course, Council 9 is entitled to defend on the claims raised that its bylaws violate the LMRDA, § 101(a).

Under Rule 19(a), F.R.Civ.P., the court has authority to order that a party subject to service of process and within the venue of this court be joined. Rule 21 provides in relevant part that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Application of Rule 21 "is a matter to be treated liberally and is in the sound discretion of the court." Helene Curtis In-

2. 29 U.S.C.A. § 530 reads as follows: "It shall be unlawful for any person through the use of force or violence, or threat of the use of force or violence, to restrain, coerce, or intimidate, or attempt to restrain, coerce, or intimidate any member of a labor organization for the purpose of interfering with or preventing the exercise of any right to which he is entitled under the provisions of this chapter. Any person who willfully violates this section shall be fined not more than $1,000 or imprisoned for not more than one year, or both.

Pub.L. 86–257, Title VI, § 610, Sept. 14, 1959, 73 Stat. 541."

3. In addition to the federal grounds for jurisdiction, the complaint, apparently as a precaution, alleges on a catch-all basis that the court has pendent jurisdiction of matters arising under state law. The defendants' papers do not refer to or discuss the matter. Since we have found, as indicated above, that jurisdiction exists under the LMRDA, the court also may entertain such claims as properly arise under its pendent jurisdiction.

dustries v. Sales Affiliates, 105 F.Supp. 886, 900 (S.D.N.Y.1952), aff'd 199 F.2d 732 (2d Cir. 1952).

■ Where, as here, the court can order that Council 9 be joined, there is no need shown for dismissal under Rule 12(b) (7). In this regard it is important to note that Council 9 is already a defendant in a suit raising the same issues as to § 101(a) (1) as the instant litigation. Fritsch and Rossiter v. District Council No. 9, 67 Civ. 3147, 335 F.Supp. 854 (S.D.N.Y.). In an opinion in that suit filed today, we have granted a motion under Rule 42(a), F.R.Civ.P., to consolidate that action with this one in the interests of justice to avoid a multiplicity of suits. As Council 9 must defend in any event, its joinder as a defendant here will work no hardship on it.

Accordingly, Council 9 shall be added as a defendant in this action, and defendants' motion to dismiss is denied.

### Res Judicata and Collateral Estoppel

Without indicating which of the two doctrines they rely upon, defendants urge that "The bar to this action is clearly within the ambit of res judicata or at least collateral estoppel." (Memorandum in Support of Defendants' Motion to Dismiss, at 8). Defendants rely on four cases which they contend support their position. As is discussed below, we find that neither doctrine is applicable on the basis of these cases. Nor does their impact, if any, by way of stare decisis alter our finding of subject matter jurisdiction.

Before reviewing each of these decisions specifically, it is useful to recall the discussion of res judicata and collateral estoppel in Lawlor v. National Screen Service, 349 U.S. 322, 326, 75 S.Ct. 865, 99 L.Ed. 1122 (1955):

"The basic distinction between the doctrines of res judicata and collateral estoppel, as those terms are used in this case, has frequently been emphasized. Thus, under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit." (Footnotes deleted.)

■ I. Defendants first cite Robins v. Rarback, 325 F.2d 929 (2d Cir. 1963), cert. den. 379 U.S. 974, 85 S.Ct. 670, 13 L.Ed.2d 565 (1965). In that suit Robins made two claims: "The first claim alleges, in effect, that plaintiff was wrongfully and improperly disciplined by the District Council [9] of the union [Brotherhood] and seeks damages and an injunction against the Council and its officials. The second claim alleges a number of irregularities in union elections and seeks an injunction restraining the local union and defendant Giunta [then President of a local union] from committing certain enumerated 'electoral abuses.'" Id., at 930. The Court held that the second claim, as to electoral abuses, properly fell under Title IV of the LMRDA and that consequently the Court lacked jurisdiction; it held that the first claim stated a cause of action and denied dismissal as to it. The parties and the issues were different from those of the instant case, and accordingly it is not a bar to this suit. In any event, so much of the opinion of the Robins court as held that the first claim should not be dismissed appears to support the position of the plaintiff rather than the defendant here.

■ II. The second case relied upon by defendants is Schonfeld v. Caputo, 61 Civ. 2223 (S.D.N.Y. June 12, 1964), a brief nine-paragraph opinion unofficially reported at 49 CCH L.C. ¶ 19,078. There the same plaintiff as here sued the then President of Council 9. Even assuming that defendants here are in privity with their predecessors, the holding in that case does not bar the instant suit. There the court, following Robins v. Rarback,

supra, dismissed such of plaintiff's claims as related to the conduct of union elections which Title IV governed; but that ruling is immaterial as to the instant case, since we have determined that the conduct of elections is not at issue here. Furthermore, in Schonfeld v. Caputo, such claims as were not addressed to the *conduct* of elections were not dismissed, the court observing that "Plaintiff's assertion of jurisdiction in this Court to restrain defendants' imposition of retaliation upon plaintiff for bringing this suit is well founded . . under sections 101(a) (4), 102 and 609 of the Act [LMRDA]."

Thus, Schonfeld v. Caputo constitutes no bar to plaintiff's suit here. Indeed, *any impact the case may have is by way of stare decisis* and its effect is to support the holding above that jurisdiction over Title I claims persists despite joinder with Title IV claims.

III. Defendants next point to a decision denying a preliminary injunction in the *companion suit Fritsch and Rossiter v. District Council No. 9,* 67 Civ. 3147 (S.D.N.Y.), unofficially reported at 56 CCH L.C. ¶ 12,161. The plaintiffs, two individual members of a painters' local in Council 9, at the last minute sought to enjoin an election ordered by the court to dissolve a trusteeship and elect new officers. See Schonfeld v. Raftery, 271 F.Supp. 128 (S.D.N.Y.1967), aff'd 381 F.2d 446 (2d Cir. 1967). The plaintiffs sought to exclude the autonomous locals from voting in the election, making substantially the same arguments as to inequality of the vote as here.

▇▇▇ The court ruled that where the attack on the voting system was made in the context of an actual election, it would not be entertained, citing its earlier decision in Schonfeld v. Raftery, supra, where it had made the same determination on a motion by those plaintiffs for exclusion of the autonomous locals. The court then, observing that in any event the motion for preliminary injunction should be denied "for its patent want of equity," discussed jurisdiction. It re-

lied on Schonfeld v. Caputo, supra, for support of its contention that "This court has already held that it is without jurisdiction over precisely this kind of suit," and in light of that decision, "The likelihood that they will succeed in the end seems slim from this preliminary vantage point. The motion for a preliminary injunction is denied."

Thus, in Fritsch and Rossiter v. District Council No. 9, supra, the decision involved different parties, and different issues in that the complaint sought to stop an election, a Title IV issue, and did not directly attack the bylaws of Council 9. The decision denying the preliminary injunction does not bar the instant action.

▇▇▇ IV. The final case relied upon by defendants is Schonfeld v. Raftery, 271 F.Supp. 128 (S.D.N.Y.1967) ("Schonfeld v. Raftery I"). That suit did involve the same plaintiffs and defendants as are before us. The complaint sought to enjoin the continued functioning of a trusteeship of District Council 9. The defendants' reliance on Judge Frankel's holding there as constituting res judicata of issues here is misplaced for two reasons: First, the central subject matter of Schonfeld v. Raftery I related to the affairs of the trusteeship. This is significant not only as to the difference in subject matter between that case and this, but also because jurisdiction as to trusteeship matters does not arise under Title I (with which we are concerned here) but under Title III of the Act. Accordingly, Judge Frankel's determinations relating to jurisdiction under Title III—even though he found that jurisdiction exists—are of no moment to us here. Second, although the case also involved the question of the voting rights of the autonomous locals, Judge Frankel made no determination on that subject except to hold that the proof submitted by the plaintiff was inadequate to justify the "drastic relief" of a preliminary injunction which plaintiff there sought. (271 F.Supp. at 142–143). Such a holding constitutes no determination on the merits of the issue and does

not act as a bar to the presentation of the issues here.[4]

### Conclusion

Defendants' motions to dismiss are denied except that the motion to dismiss claim based on § 610 of the LMRDA (29 U.S.C.A. § 530) is granted. Defendants' motion to add Council 9 as a party is granted.

Submit order on notice.

---

4. Defendants also rely on two unreported and undated opinions by the New York State Supreme Court as to which the only information furnished is that "[t]he matter has been decided twice by the Supreme Court of the State of New York, County of New York, in Kushner v. Rarback, Index No. 7889/61 N/O/R, and Aiken v. Caputo, Index No. 7903/52 N/O/R. In both these actions, the complaints were dismissed." (Memorandum in Support of Defendants' Motion to Dismiss, at 11.) It is impossible to determine from this bare-boned allegation what effect, if any, either of these cases might have on the instant action. It is to be presumed that if they might truly be dispositive of any of the issues before us, we would have been supplied with information to support such a proposition.