Robert FRITSCH and Peter Rossiter,
Plaintiffs,

v.

DISTRICT COUNCIL NO. 9, BROTHER-
HOOD OF PAINTERS, DECORATORS
AND PAPERHANGERS OF AMERI-
CA, et al., Defendants.

Frank SCHONFELD, individually and
as Secretary-Treasurer of District Coun-
cil No. 9, International Brotherhood of
Painters & Allied Trades, AFL–CIO,
Plaintiff,

v.

S. Frank RAFTERY et al., Defendants.

Nos. 67 Civ. 3147, 70 Civ. 2544.

United States District Court,
S. D. New York.

Oct. 5, 1971.

Basil R. Pollitt, Brooklyn, N. Y., for plaintiffs Fritsch and Rossiter.

Vladeck, Elias, Vladeck & Lewis, New York City, for defendants; Stephen C.

---

Vladeck, Allan M. Frost, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

Plaintiffs move, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, to consolidate this action with the pending suit in this Court of Schonfeld v. Raftery, 335 F.Supp. 846 (S.D. N.Y.) ("Schonfeld"). Of the named defendants only District Council 9 remains, the others having been dropped by stipulation of the parties dated December 4, 1967.[1]

The background and issues of this litigation are set forth in detail in the companion decision filed today denying a motion to dismiss in Schonfeld v. Raftery, supra. In both actions the plaintiffs challenge provisions of the bylaws of District Council No. 9 ("Council 9") of the Brotherhood of Painters, Decorators and Paperhangers of America, AFL–CIO ("Brotherhood") and the constitution of the Brotherhood, alleging that their system of elections violates the guarantee of equal voting rights provided by § 101(a) of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C.A. § 411(a). In Schonfeld the complaint includes the additional claim that defendants violated various rights of plaintiff other than the right to an equal vote. In other words, both the instant case and Schonfeld cover voting rights, but the Schonfeld case involves other rights as well.

In Schonfeld, in denying the motion to dismiss we held that when violations of § 101(a) of the LMRDA are "directly attacked," jurisdiction is properly founded under § 102 of the LMRDA, 29 U.S.C.A. § 412, even though the matter may be considered to have indirect effect on un-

ion elections covered by Title IV of the LMRDA. Navarro v. Gannon, 385 F.2d 512, 520 (2d Cir. 1967).

Rule 42(a), F.R.Civ.P., provides that "[w]hen actions involving a common question of law or fact are pending before the court, . . . it may order all the actions consolidated . . . " Here the issues raised by plaintiffs' complaint are coterminous with like issues raised in Schonfeld. The plaintiffs in both cases are members of Council 9, and all sue in their individual capacities alleging the denial of their equal right to vote under § 101(a). In the Schonfeld action the plaintiff has been directed to join Council 9 as a defendant.

## Contentions of the Parties

Defendants in Schonfeld argue against consolidation. They urge that (1) inasmuch as this court permitted the autonomous local unions to vote in the court-ordered election of September 1967, the issue is decided and the parties should not be allowed to make a collateral attack on that decision; (2) in denying the plaintiffs here their motion for a preliminary injunction to halt the September 1967 election, the court established the "law of the case"; and (3) delay in seeking the consolidation warrants exercise of this court's discretion to deny the application for consolidation.

To these objections the moving parties reply that (1) the issue of equal voting rights was not directly before the court when it ordered the September 1967 election; (2) the denial of the motion for a preliminary injunction was not the "law of the case" concerning equal voting rights; (3) prosecution of the instant suit was delayed because the plaintiff in Schonfeld was seeking through union procedures to amend the allegedly illegal bylaws; when this attempt failed,

1. "As a result of two intervening elections, and a Court decision removing the trusteeship, neither John C. Damery nor Louis Caputo, then President of District Council No. 9, have any function in District Council No. 9." Affidavit of Stephen C. Vladeck, sworn to November 12, 1970. Stipulation dismissing the action as to these two defendants was filed December 12, 1967. Their counsel are also counsel for defendants in Schonfeld.

Schonfeld sued and plaintiffs here moved to consolidate as soon as they had notice that these motions were made and the issue thereby joined.

### Discussion

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the court to consolidate cases "to permit trial convenience and economy in administration." MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958). In these cases, in which the issues are in the main identical and the parties are, for all practical purposes, the same on both sides and each sues or is sued in the same capacity, it is plain that consolidation is desirable to save the time and effort both of the parties and the court.

The issues raised by both parties on this motion appear largely to be directed more to the merits of the case than to the question of whether this action should be consolidated with Schonfeld, and we have commented on the merits in the accompanying Schonfeld memorandum. Suffice it to say that the identicality of subject matter, parties, and capacity of the parties, as indicated above, appears to be more than sufficient to warrant consolidation under Rule 42.

The timeliness of this motion is justified by the affidavit of plaintiffs' counsel (Affidavit of Basil R. Pollitt, sworn to November 16, 1970). He recites that he and counsel for Council 9 agreed "to let the Fritsch action be dormant while Mr. Schonfeld sought reform by way of the internal processes of the Painters Union." When the reforms failed to be instituted, the Schonfeld litigation began and plaintiffs here then advised that as soon as the Schonfeld defendants had either answered or moved they would move to consolidate the actions. Plaintiffs' counsel states: "When I found out the motion had been made, I immediately moved for consolidation."

Defendants have pointed to no instance of prejudice which the passage of time works upon them. The delay is accounted for and has not been excessive.

That the complaint in Schonfeld contains issues beyond the questions raised in the instant complaint is not sufficient reason to deny the motion for consolidation. 5 Moore's Federal Practice ¶ 42.02 (pp. 42–15) (1969 Ed.) Should it prove desirable at a later time to separate the issues jointly raised from those raised only in the Schonfeld complaint, appropriate relief under Rule 42, F.R. Civ.P., is available. By avoiding duplication of litigation on the issues that are common to the two cases, consolidation will save useful time for the court and for Council 9. It will also give both sets of plaintiffs the opportunity to secure a uniform and simultaneous determination of their rights. However, since Schonfeld involves some issues not presented in the instant case, the cases shall be consolidated for pretrial purposes only, without prejudice to a later determination as to whether trial should be on a consolidated basis.

The motion to consolidate the cases is granted to the extent of consolidation for pretrial purposes.

Submit order.