**AMERICAN PHOTOCOPY EQUIPMENT CO., Plaintiff,**

v.

**The FAIR (INC.), Defendant.**

**AMERICAN PHOTOCOPY EQUIPMENT CO., Plaintiff,**

v.

**A. B. DICK CO., Defendant.**

**Nos. 62 C 2258, 62 C 2084.**

United States District Court
N. D. Illinois, E. D.

Jan. 24, 1963.

Soans, Anderson, Luedeka & Fitch, Thompson, Raymond, Mayer & Jenner, Chicago, Ill., for American Photocopy Equipment Co.

Stefan M. Stein, Chicago, Ill., McDougall, Hersh & Scott, Chicago, Ill., for A. B. Dick Co.

Herman Hersh, Ooms, McDougall & Hersh, Chicago, Ill., John T. Haslett, Chicago, Ill., Bartholomew Diggins, Diggins & LeBlanc, John S. Koch, Covington & Burling, Washington, D. C., for The Fair Inc.

MAROVITZ, District Judge.

1) Motion of defendant, The Fair, to consolidate with lower numbered case, under Rule 42(a).

2) Motion of defendant, The Fair, to amend its answer.

The cause in 62 C 2258 arises under the patent laws of the United States, with jurisdiction conferred by Sec. 1338(a), Title 28, U.S.C. Plaintiff alleges that defendant, The Fair, has infringed its patent rights under United States Letters Patent No. 2,657,618, a developing apparatus, by making, using, and selling products embodying inventions covered by said patent. In its answer, defendant denies infringement, and questions the validity of the patent at issue.

Civil action 62 C 2084 is brought by the same plaintiff, and charges infringement of the same patent rights, by a different defendant, A. B. Dick Co. Defendant raises affirmative defenses, questioning the validity of the patent, and charging that plaintiff is estopped from bring-

ing this suit. In a counterclaim, defendant alleges that the patent infringement litigation commenced by plaintiff is part of an unlawful conspiracy to monopolize the photocopying machine business in the United States.

The Fair, defendant in –2258, has moved to consolidate its case with 62 C 2084, under Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) permits such consolidation, in the court's discretion, when the two actions involve a common question of law or fact. As grounds for this motion, defendant asserts that the validity of the same patent is involved in both suits. Also, defendant argues that a concurrent determination of the anti-trust, patent misuse charges in both cases would settle the issue of enforceability of the patent against The Fair. If The Fair case is .forced to trial first, without amendment of its answer to include the anti-trust charges, defendant may be held liable under a patent that might later be found unenforceable under the anti-trust defense. Therefore, The Fair seeks to consolidate the two actions.

Defendant, The Fair, has also requested this court to permit the filing of an amended answer, adding a fifth defense. This defense would assert the anti-trust charges, embodied presently in A. B. Dick's case. This would prevent a retrial in the event that a ruling against The Fair is followed by a ruling in the A. B. Dick case that the patent was misused, and therefore, is unenforceable.

Two briefs have been filed in opposition to these motions, one by American Photocopy, the plaintiff in both suits, and the other by A. B. Dick, the other defendant. These two briefs are in conflict as to the reasons they desire the same end * * * no consolidation. American Photocopy argues that the A. B. Dick case is much more complex than The Fair situation. It is asserted that this case will only take two days to try, while the A. B. Dick suit may well last over a month. It is therefore submitted that consolidation should be denied so as "to avoid the unnecessary costs or delay." A. B. Dick, however, argues that its case involves personal defenses of estoppel which will enable the court to expeditiously dispose of the cause of action. It is contended that if there is a consolidation, these personal estoppel defenses will not be heard until the common question of patent misuse is decided, entailing a trial of many months.

The court is expressly empowered to "make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." While the court has broad discretion as to the consolidation of actions, United States v. Knauer, (7th Cir., 1945) 149 F.2d 519, aff'd. 328 U.S. 654, 66 S.Ct. 1304, 90 L.Ed. 1500, it should not consolidate where confusion or prejudice may result. Bascom Launder Corp. v. Telecoin Corp., (D.C.N.Y. 1953) 15 F.R.D. 277.

In National Nut Co. of Calif. v. SuSu Nut Co., (D.C., Ill., 1945) 61 F. Supp. 86, Judge LaBuy consolidated two cases involving the validity of the same patent, as here, despite the fact that one case involved an antitrust issue not present in the other. That case can be distinguished, inasmuch as the defendant in the case not involving the anti-trust violation, was also one of the defendants in the companion case. However, by analogy, this case should be followed. If The Fair is given leave to amend its answer, the same issues of patent misuse will be present in both cases. A. B. Dick should not be permitted to complain that its personal estoppel defenses will be pushed into the background behind an issue that it, itself, originally raised. It must be assumed that the trial judge will see to it that the trial will be conducted in a manner not prejudicial to the parties, and to that end may require evidence concerning the defense of estoppel to be given priority. New England Mutual Life Insurance Co. v. Brandenburg, (D.C.N.Y., 1948) 8 F.R.D. 151.

The only objection to the filing of an amended answer is that The Fair is attempting to incorporate the research work of A. B. Dick's counsel, and does not, according to plaintiff, have facts to support such a claim. Surely if such a defense is available to A. B. Dick, The Fair, in the interests of justice, should have an opportunity to allege it, as well.

Accordingly, the motions of The Fair to amend its answer, and to consolidate Case No. 62 C 2258 with 62 C 2084, are granted.