**MADIGAN, INCORPORATED, et al.,**
**Plaintiffs,**

v.

**Gilbert GOODMAN et al., Defendants.**
**No. 72 C 1338.**

United States District Court,
N. D. Illinois, E. D.

Dec. 8, 1972.

Kirkland & Ellis, Chicago, Ill., for plaintiffs.

Sheldon O. Collen, Sheldon Karon and Joseph Spitalli, Griffin, Guinan & Griffin, Russell J. Topper, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiffs' motion to consolidate the instant case ("Madigan case") with Baylor v. Mading-Dugan Drug Company et al., 70 C 2151, D.C., 57 F.Supp. 509 ("Liquidator's case") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.

Both suits arose out of the acquisition in December, 1968 of Fidelity General Insurance Company (Fidelity General) by a group of corporations and individuals, including the Mading-Dugan Drug Company (hereinafter the Mading-Dugan Group) and the subsequent liquidation of Fidelity General.

The Liquidator's suit was brought by the Illinois Director of Insurance, qua Liquidator of Fidelity General, and names as defendants the Mading-Dugan Group. The Liquidator's complaint alleges that the Mading-Dugan Group subsequent to the acquisition of Fidelity General removed assets from that company through allegedly "unfair contracts", thereby causing the insolvency and subsequent liquidation of Fidelity General. In essence, the complaint alleges that Mading-Dugan acquired Fidelity General utilizing a boot-strap design. This type of boot-strap acquisition of an insurance company has been held to violate federal securities laws. Superintendent v. Bankers Life & Cas. Co., 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed. 2d 128 (1971).

In contrast, the *Madigan* case was brought by members of the Mading-Dugan Group who alleged injury caused by the purchase of Fidelity General. Their complaint alleges that Fidelity General was insolvent at the time it was purchased by the plaintiffs, the Mading-Dugan Group, in December 1968 and that the eventual liquidation of Fidelity General resulted from this insolvency. Named as defendants in the Madigan case were selling Fidelity General shareholders, some of whom had been members of the Company's management and others who merely assisted in the alleged scheme to defraud the Mading-Dugan Group.

Both complaints alleged violation of § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5, 17 C.F.R. § 240.10b–5.

Plaintiffs in the *Madigan* case have moved to consolidate the two cases based on the position that significant factual and legal issues in both cases are the same. The plaintiffs and certain defendants in the *Liquidator's* case have objected to the consolidation. Certain defendants in the *Madigan* case have also objected to consolidation.

Rule 42(a) of the Federal Rules of Civil Procedure clearly defines the criteria for deciding whether cases should be consolidated for trial. Rule 42(a) provides:

"Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

The determination of whether two cases involve the same factual or legal questions is a matter which rests within the discretion of the trial judge. Stemler v. Burke, 344 F.2d 393 (6th Cir. 1965); Kelly v. Greer, 295 F.2d 18 (3rd Cir. 1961); American Photocopy Equipment Co. v. Fair, Inc., 35 F.R.D. 236 (N.D.Ill. 1963).

After a careful examination of the pleadings in each case, it is the opinion of this Court that the two cases should be consolidated because they contain common issues of fact.

## I. CONSOLIDATION WILL PREVENT UNNECESSARY DUPLICATION OF LITIGATION

The key issue in both suits is whether the Mading-Dugan Group purchased an insurance company which was already insolvent or whether it rendered said insurance company insolvent by its post-acquisition financial maneuvers. In the *Liquidator's* case, plaintiff contends that Fidelity General was rendered insolvent by the Mading-Dugan Group's bootstrap acquisition whereas the defendants in that case who are the moving parties for consolidation have represented to this Court that the thrust of their defense will be the alleged insolvency of Fidelity General at the time of its acquisition.

Similarly, the plaintiffs in the *Madigan* case (who are also defendants in the *Liquidator's* case) contend as the basis of their action that they suffered severe financial loss based on the misrepresentations of Fidelity General's management as to its financial status at the time of its acquisition in December, 1968.

The resolution of the above issue is essential to the resolution of both lawsuits. Proof of Fidelity General's true financial condition in December 1968 is a basic issue in both cases. In both cases, such proof will require, *inter alia*: (1) testimony from members of the old Fidelity General management concerning the financial condition of the company and the representations that they made prior to the December 1968 sale of the company's securities; (2) testimony from officials of the Illinois Department of Insurance concerning their studies of the financial condition of Fidelity General in 1968 and their conclusions; and (3) expert testimony concerning the financial condition of Fidelity General as of December, 1968.

Thus if the *Liquidator's* case and the *Madigan* case are tried separately, there will be extensive and unnecessary duplication of identical evidence. The consolidation of these cases will not only result in a substantial saving of time for this Court and the litigants, but will also prevent needless duplication of testimony by experts, state officials, and others.

## II. CONSOLIDATION WILL NOT COMPLICATE THE ISSUES, DELAY TRIAL OR PREJUDICE ANY PARTY

Both suits will require presentation of proof as to the same three factual situations: (1) the acquisition of Fidelity General in December 1968 by the Mading-Dugan Group; (2) the subsequent operation of Fidelity General by the Mading-Dugan Group; and (3) the liqui-

dation of Fidelity General. The main issue to be resolved in both cases is what caused the liquidation of Fidelity General, i. e. was it the boot-strap acquisition by Mading-Dugan or the already existing insolvency of Fidelity General compounded by false and misleading financial statements.

The complexity of the cases in their present posture is not increased by consolidation as both arose out of the same transaction and involve the same basic issues.

The plaintiffs in the *Madigan* case who have moved for consolidation have represented to this Court that due to the similarity of the cases, the more recently filed action will not entail extensive discovery beyond that already conducted in the *Liquidator's* case and that they should be ready for trial at the same time as the *Liquidator's* case. Thus it appears that consolidation will not contribute to the delay of either case.

The parties in both cases who object to consolidation have failed to demonstrate to this Court that the consolidation could cause prejudice or a serious hardship to their cause. The benefit of consolidation, judicial economy, far outweighs the slight hardship which any party may experience in having to attend the trial of issues in which he is not primarily involved. Stein, Hall & Co. v. Scinda Steam Navigation Co., 264 F.Supp. 499, (S.D.N.Y.1967).

Thus there is a common factual issue which is essential to the litigation of both cases. Consolidation is appropriate in the interests of judicial economy and expeditious adjudication.

Accordingly, it is hereby ordered that Madigan Incorporated, et al. v. Goodman et al., 72 C 1338 be consolidated with Baylor v. Mading-Dugan Drug Company et al., 70 C 2151, D.C., 57 F.Supp. 509.