The MAGNAVOX COMPANY, a corporation, and Sanders Associates, Inc., a corporation, Plaintiffs,

v.

APF ELECTRONICS, INC., a corporation, Unisonic Products Corp., a corporation, Executive Games, Inc., a corporation, Taito America Corporation, a corporation, Universal Research Laboratories, Incorporated, a corporation, Control Sales, Inc., a corporation, Venture Electronic International Ltd., a corporation, Jewel Companies, Inc., a corporation, Osco Drug, Inc., a corporation, Turn-Style, Inc., a corporation, Bennett Brothers, Inc., a corporation, and Jay-Kay Distributors, Inc., a corporation, Defendants.

The MAGNAVOX COMPANY, a corporation, and Sanders Associates, Inc., a corporation, Plaintiffs,

v.

BALLY MANUFACTURING CORPORATION, a corporation, and Midway Manufacturing Co., a corporation, Defendants.

The MAGNAVOX COMPANY, a corporation, and Sanders Associates, Inc., a corporation, Plaintiffs,

v.

FAIRCHILD CAMERA AND INSTRUMENT CORPORATION, a corporation, Montgomery Ward & Co., Incorporated, a corporation, and Sears, Roebuck & Co., a corporation, Defendants.

Nos. 77 C 3159, 78 C 4951 and 78 C 5041.

United States District Court, N. D. Illinois, E. D.

May 15, 1980.

Malcolm M. Gaynor, Schwartz, Cooper, Kolb & Gaynor, Howard S. Golden, Robbins, Coe, Rubinstein & Shafran, Marshall A. Burmeister, Burmeister, York, Palmatier, Hamby & Jones, Louis M. Rundio, Jr., McDermott, Will & Emery, Maurice P. Raizes, Robert Sternberg, Cohon, Raizes & Regal, Chicago, Ill., for defendants in No. 77 C 3159.

Theodore W. Anderson, James T. Williams, Neuman, Williams, Anderson & Olson, Chicago, Ill., for plaintiffs.

Donald L. Welsh, A. Sidney Katz, William K. Konrad, Fitch, Even & Tabin, Chicago, Ill., for defendants in No. 78 C 4951.

John H. Moore, Robert M. Ward, Granger Cook, Jr., Cook, Wetzel & Egan, Alan Brothers, Chicago, Ill., Gerald P. Grace, Oak Park, Ill., for defendants in No. 78 C 5041.

Charles F. Pigott, Jr., George H. Gerstman, Chicago, Ill., for defendants in Nos. 77 C 3159 and 78 C 5041.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Currently pending before the Court are three patent infringement actions, 77 C

3159, 78 C 4951 and 78 C 5041, involving United States Letters Patent 3,659,284 and Re. 28,507. In each of the actions, plaintiffs are The Magnavox Company (Magnavox) and its licensor, Sanders Associates, Inc. (Sanders). Defendants are fourteen corporations. Jurisdiction is invoked under 28 U.S.C. § 1338(a).

Plaintiffs charge all defendants with patent infringement by making, using, selling and offering for sale television gaming apparatus which incorporate the subject matter of Letters Patent 3,659,284 and Re. 28,-507. In 78 C 4951 and 78 C 5041, the complaints also contain allegations of induced and contributory infringement. Further, plaintiffs make references to two distinct settlement agreements resulting from prior litigation of the same patent. One of the agreements involved Bally Manufacturing Corporation (Bally) and its subsidiary, Midway Manufacturing Company (Midway); the other was an agreement made with Sears, Roebuck & Co. (Sears) in a different action.

Several motions arising from the three cases are now before the Court. Plaintiffs moved to consolidate the actions under Fed. R.Civ.P. 42(a). Fairchild moved for a change of venue to the Northern District of California, 28 U.S.C. § 1404(a), to sever Sears, to strike paragraphs 10, 11 and 12 of the complaint in 78 C 5041 and to file more than twenty interrogatories. Sears made a motion to sever and stay.

*Motion to Consolidate*

The motion to consolidate is governed by Fed.R.Civ.P. 42(a) which provides:

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

The determination of whether consolidation is appropriate lies within the discretion of the trial court. *Madigan, Inc. v. Goodman*, 57 F.R.D. 512, 514 (N.D.Ill.1972); *American Photocopy Equip. Co. v. The Fair, Inc.*, 35 F.R.D. 236, 237 (N.D.Ill.1963).

Defendants' major opposition to the motion to consolidate is that issues of validity and non-infringement require separate determinations because the challenged devices are distinct. Thus, they argue, the relationship between each device, the prior art and patent claims must be examined. In addition, defendants claim that consolidation will infringe certain defendants' right to a jury trial; that the consent judgments will prejudice the defendants that were not parties to the earlier litigation; and that confusion and prejudice may result. Bally and Midway also argue that their counterclaim for breach of contract involves different issues and that they will be prejudiced because of delayed discovery proceedings.

■ Defendants' arguments mainly address issues of whether the actions should be consolidated for trial. Rule 42(a), however, also contemplates consolidation for purposes of particular segments of the litigation, such as pretrial proceedings. *See Fritsch v. District Council No. 9*, 335 F.Supp. 854, 856 (S.D.N.Y.1971); 5 Moore's Federal Practice ¶ 42.02 (2d ed. 1979).

■ The existence of common questions of law and fact is a prerequisite for any consolidation. In these cases, each defendant is charged with infringing a valid patent. Thus, the validity of the patent is an issue relevant to each defendant. Although defendants contend that each device entails an individual determination of infringement, some of them are similar enough that those questions will be the same. Moreover, the resolution of the issues of validity and infringement require inquiries into the prior art, *Electronic Assistance Corp. v. City of New York*, 362 F.Supp. 755, 757 (S.D.N.Y.1973), which defendants assert as a defense.

■ Defendants' arguments concerning the right to a jury trial and the possibility of prejudice, although meritorious, are precipitous. Should a need arise to sever certain parties or issues at a later stage of the litigation, Fed.R.Civ.P. 42(b) provides an appropriate remedy.

There is no indication that any defendant will be prejudiced by pretrial consolidation. On the other hand, pretrial consolidation will prevent duplicative efforts by the Court and counsel. Since the same patent is at issue in each of the actions, it is probable that the same documents and technical drawings will be solicited from plaintiffs. It is also likely that defendants will want to depose the same persons. Thus, efficiency will be promoted by co-ordinating discovery. Common briefing and hearing schedules can be set which will facilitate the supervision of discovery, and eliminate the need to consider like arguments more than once.

The defendants in causes 78 C 4951 and 78 C 5041 will not be prejudiced by delayed discovery. The earliest suit was filed in 1977. However, discovery was largely confined to the issue of proper venue for two of the defendants. Thus, it was not until a few days before the later actions commenced that discovery on the substantive issues was ordered. Further, Bally and Midway, the proponents of this argument, have already been involved in litigation relating to this patent.

Consolidation for the purpose of pretrial proceedings will promote efficiency, and will not delay the trial or prejudice any of the parties. Accordingly, plaintiffs' motion to consolidate 77 C 3159, 78 C 4951 and 78 C 5041 is granted without prejudice to defendants to renew their objections before trial.

*Fairchild's Motion for a Change of Venue and to Transfer*

Fairchild Camera and Instrument Corp. (Fairchild) has moved for a change of venue and transfer to the Northern District of California under 28 U.S.C. § 1404(a).

■ Section 1404(a) presupposes proper venue in the district in which the action is pending, but permits the court, in its discretion, to transfer an action to any district where it could have been brought for the convenience of parties and witnesses and in the interest of justice.

■ Undisputedly, venue is proper here. *See* 28 U.S.C. § 1400(b). The propriety of transfer, then, depends on the plaintiff's choice of forum, access to sources of proof, availability of compulsory process, the expense of obtaining witnesses and the condition of the courts' calendars. *Spound v. Action Industries, Inc.*, 369 F.Supp. 1066, 1068 (N.D.Ill.1974); *Molex Products Co. v. AMP, Inc.*, 168 U.S.P.Q. 78 (N.D.Ill.1970). In addition, consideration must be given to society's interest in the efficient administration of justice. *Butterick Co. v. Will*, 316 F.2d 111, 113 (7th Cir. 1963); *Admiral Corp. v. Columbia Broadcasting System, Inc.*, 161 U.S.P.Q. 123, 126 (N.D.Ill.1969); *Briggs v. Gould-National Batteries, Inc.*, 272 F.Supp. 186, 187 (N.D.Ill.1967).

Fairchild argues that all of these factors weigh in its favor and that while transfer would cause only slight inconvenience to plaintiffs, it would greatly benefit Fairchild. Fairchild states, by affidavit, that all of its potential witnesses who have knowledge of the design and marketing of the television games reside in California where the corporate headquarters are located and where the accused products are assembled; that all records relevant to its video products are located there; that travel to Chicago would be expensive and inconvenient for the witnesses and disrupt the normal function of its business.

Although Magnavox and Sanders have their principal places of business in New York and New Hampshire, respectively, Magnavox's games involving the patent were designed and engineered at a plant in Fort Wayne, Indiana. The personnel connected with the engineering efforts are now located in Knoxville, Tennessee, a location somewhat closer to Chicago than to California. Similarly, the inventor of the patented device and his supervisor are employed by Sanders and reside in New Hampshire. Despite Fairchild's arguments to the contrary, there is a substantial difference between requiring them to travel to California rather than to Chicago. One of plaintiffs' witnesses who resides in Chicago is not employed by any of the parties, and would not be subject to compulsory process in Califor-

nia. Moreover, plaintiffs' documents relating to the patent were brought to Chicago in connection with prior litigation and are currently located in the office of plaintiffs' counsel.

Based on these facts it is apparent that the Northern District of California provides a more convenient forum for defendant. However, "[a] mere showing of inconvenience to the defendant is not enough to warrant transfer where it would merely shift the expense and inconvenience to the other party." *Admiral Corp. v. Columbia Broadcasting System, Inc.*, 161 U.S. P.Q. 123, 125 (N.D.Ill.1969), *quoting, Schmidt v. American Flyers Airline Corp.*, 260 F.Supp. 813, 815 (S.D.N.Y.1966).

Plaintiffs would be burdened substantially by transferring this case to California, for they would be required to simultaneously prosecute two actions involving the same witnesses and documents or to forego prosecution of their claims against an alleged patent infringer.

However, the most compelling factor in determining the appropriateness of transfer is the interest of society in the efficient administration of justice. Three cases involving the same patent are pending before this Court. Each involves complex technical and legal issues. Transfer would result in duplicative judicial effort requiring two courts to resolve some of the same issues. For these reasons, Fairchild's motion to transfer to the Northern District of California is denied.

### Fairchild's Motion to Sever Sears

In cause 78 C 5041, plaintiffs joined as defendants Fairchild, a manufacturer of an accused device, Montgomery Ward & Co. (Wards), a retailer which sells Fairchild's product and Sears, a retailer, which according to plaintiffs, sells some of the same television games as Wards, but which are not Fairchild's products.

Rule 20(a) of the Federal Rules of Civil Procedure permits joinder of parties where the claims arise out of the same transaction or occurrence or the same series of transactions or occurrences and where common questions of law or fact are presented. For joinder to be proper, both requirements must be established. 7 Wright & Miller, Federal Practice and Procedure § 1653 (1972). Plaintiffs argue that the similarity of products sold by Sears and Wards is sufficient to satisfy the same transaction or occurrence test of Rule 20(a).

The complaint, however, is devoid of allegations concerning any connection between the television games Fairchild sold to Wards and those Sears sold, except that they are all alleged to infringe plaintiffs' patent. An affidavit submitted by Fairchild's Division Vice President and General Manager indicates that Fairchild never sold games to Sears. Similarly, there is no indication on this record that the development marketing or sales efforts involving the different products are related in any way. Therefore, plaintiffs are not asserting "any right to relief . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" against all defendants. Fed.R.Civ.P. 20(a).

Normally, where joinder is improper, separate actions can be initiated and later consideration will be given to the possibility of consolidation under Fed.R.Civ.P. 42(a). *See Kenvin v. Newburger, Loeb & Co.*, 37 F.R.D. 473 (S.D.N.Y.1965); 7 Wright & Miller, Federal Practice and Procedure § 1353, at 270 (1972). Here, however, consolidation for pretrial proceedings already has been found to be the proper course and severing Sears would deter the efficient and orderly pursuit of this litigation. Moreover, any prejudice that could result from improper joinder can be prevented since improperly joined parties can be dropped or added at a later stage of the litigation, Fed.R.Civ.P. 21, and since separate trials on certain claims or issues can be ordered. *See* Fed.R.Civ.P. 20(b), 21, 42(b). Accordingly, Fairchild's motion to sever Sears is denied without prejudice to renew.

### Sears' Motion to Sever and Stay

Sears, a retailer, sells video games that allegedly infringe plaintiffs' patent. It

purchases the games from four sources: Atari, APF Electronics, Inc. (APF), Universal Research Laboratories, and Tele-Match. Two of these suppliers, APF and Universal Research Laboratories, were named as defendants in 77 C 3159. The action was dismissed as to APF for improper venue. *The Magnavox Co. v. APF Electronics, Inc.,* 202 U.S.P.Q. 614 (N.D.Ill.1978). After that order was entered, APF brought a declaratory judgment action in the Southern District of New York which raises issues of patent validity and infringement similar to those involved here. Then, Magnavox and Sanders brought another patent infringement action in this district, 78 C 5041, in which Sears was named as a defendant.

Sears contends that it was brought into this litigation because it purchased games from APF; that as the supplier, APF is the real party in interest; and that Sears, a mere nominal defendant, should not be forced to litigate claims that will be resolved in the action in the Southern District of New York as to the real party in interest.

■ Sears has cited numerous authorities in support of its contention that an action against a customer should be severed and stayed when another action, in which a manufacturer or supplier is a party, raises substantially identical issues. Those decisions authorize an injunction or a stay for so-called "customer actions" when only nominal parties are participants in the action, *Amperex Electronic Corp. v. Perry,* 168 U.S.P.Q. 615 (7th Cir. 1970), *Hunter v. FMC Corp.,* 190 U.S.P.Q. 66 (N.D.Ill.1975); *Dennison Manufacturing Co. v. Elder-Beerman Stores Corp.,* 178 U.S.P.Q. 224 (S.D. Ohio 1973), or when the forum of the action involving the manufacturer or supplier is more convenient for all parties to the litigation. *Codex Corp. v. Milgo Electronic Corp.,* 553 F.2d 735 (1st Cir.), *cert. denied,* 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977); *William Gluckin & Co. v. International Playtex Corp.,* 407 F.2d 177 (2d Cir. 1969).

Those circumstances are not present in this case. Here, there are three actions involving the same patent. The defendants are manufacturers and distributors of the allegedly infringing devices. Indeed, another supplier of Sears, Universal Research Laboratories, has been a party to the earliest filed action from its inception. Many of the defendants, like Sears, do a substantial amount of business in Illinois. Moreover, the entire action in New York has been stayed pending the outcome of these cases. These facts demonstrate that this litigation involves more than a mere "customer suit." *See generally, Van Wyck International Corp. v. Scovill Manufacturing Co.,* 184 U.S.P.Q. 572 (S.D.N.Y.1974). Accordingly, Sears' motion to sever and stay is denied.

*Fairchild's Motion to Strike*

Fairchild has moved to strike Counts 10, 11 and 12 of the complaint, which recite facts about two prior actions brought by plaintiffs charging infringement of the patents at issue here. The complaint avers that one of the actions resulted in a compromise settlement and that the other resulted in a finding of validity by the Court after a trial on the merits. Fairchild was not a party to either of those actions. Fairchild contends that the allegations about prior patent infringement actions are irrelevant and prejudicial.

■ Rule 12(f) of the Federal Rules of Civil Procedure permits allegations that are redundant, immaterial, impertinent or scandalous to be stricken. Generally, however, unless the matters are prejudicial as well, a motion under 12(f) will not be granted. 5 Wright & Miller, Federal Practice and Procedure § 1382, at 809–819 (1969).

The Court should not be compelled to examine the substance of a claim in order to decide the propriety of a motion to strike. Nevertheless, since Fairchild has raised the question of materiality and since the prior adjudication may prejudice Fairchild, the relevant patent law must be considered.

■ Under *American Photocopy Equip. Co. v. Rovico,* 384 F.2d 813 (7th Cir. 1967), *cert. denied,* 390 U.S. 945, 88 S.Ct. 1030, 19 L.Ed.2d 1133 (1968), and its progeny a prior

judicial determination of validity creates a presumption of validity that should only be disturbed, when in the second action, "persuasive new evidence" is presented or when there is a "material distinction between the cases." *See Illinois Tool Works, Inc. v. Foster Grant Co., Inc.*, 547 F.2d 1300, 1302 (7th Cir. 1976), *cert. denied*, 431 U.S. 929, 97 S.Ct. 2631, 53 L.Ed.2d 243 (1977); *Mercantile National Bank of Chicago v. Howmet Corp.*, 524 F.2d 1031, 1032 (7th Cir. 1975), *cert. denied*, 424 U.S. 957, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976). Thus, the allegations contained in paragraphs 10 and 12 contain matters relevant to this action and, therefore, should not be stricken.

 In contrast, the allegations contained in paragraph 11 refer to a settlement agreement that is not relevant to the issue of patent validity, Fed.R.Evid. 408, and may well result in prejudice to Fairchild who was not a party to that agreement.

Accordingly, Fairchild's motion to strike is denied as to paragraph 10 and 12 and granted as to paragraph 11.

*Fairchild's Motion for Leave to File in Excess of 20 Interrogatories*

The final matter before the Court is Fairchild's motion for leave to file more than 20 interrogatories. Plaintiffs object contending that Fairchild has not established the requisite good cause under local Rule 9(g). After having carefully reviewed the complex legal and technical issues raised by the pleadings and the reissue materials, the interrogatories, although in excess of the amount prescribed by Rule 9(g), cannot be said to be excessive or overly burdensome; they request information relevant to the claims and defenses. Accordingly, Fairchild's motion for leave to file interrogatories in excess of 20 is granted.

In sum, plaintiffs' motion to consolidate 77 C 3159, 78 C 4951 and 78 C 5041 is granted without prejudice to defendants to renew their objections at the conclusion of discovery. Fairchild's motion for a change of venue and to transfer 78 C 5041 to the Northern District of California is denied. Fairchild's motion to sever Sears is denied without prejudice to renew. Sears' motion

to sever and stay is denied. Fairchild's motion to strike is denied as to paragraphs 10 and 12 of the Complaint and granted as to paragraph 11 of the Complaint. Fairchild's motion for leave to file more than 20 interrogatories is granted.