**CHIRON CORP., Plaintiff,**

v.

**ADVANCED CHEMTECH, INC. and SynPep Corp., Defendants.**

Civ. No. 94–20582 SW.

United States District Court,
N.D. California.

Nov. 10, 1994.

Lynn Pasahow, McCutchen Doyle Brown & Enersen, San Francisco, CA, for Chiron Corp.

Greg C. Johnson, Pillsbury Madison & Sutro, San Jose, CA, for Advanced Chemtech, Inc.

ORDER GRANTING IN PART AND DENYING IN PART ADVANCED CHEMTECH'S MOTION TO SEVER AND TO DISMISS, STAY OR TRANSFER

SPENCER WILLIAMS, District Judge.

Plaintiff Chiron Corp. brought this action against Advanced ChemTech, Inc. and SynPep Corp. alleging that both defendants infringed its United States Letters Patent No. 5,182,366 ("the '366 patent") relating to the

synthesis of peptide libraries and its United States ·Letters Patent No. 5,266,634 ("the '684 patent") relating to peptide mixtures. Defendant Advanced ChemTech moves to sever and to dismiss, stay or transfer. For the reasons expressed below, Chiron's claims against Advanced ChemTech are DISMISSED WITHOUT PREJUDICE and are ordered TRANSFERRED to the United States District Court for the Western District of Kentucky.

## BACKGROUND

Plaintiff Chiron Corp., is a biotechnology company headquartered in Emeryville, California. Chiron owns two patents on tools used to conduct biotechnology research relating to chains of amino acids. One of the patents encompasses certain mixtures of amino acid chains, known as "peptide libraries." The other patent protects a simple process used to create predetermined peptide libraries.

On August 11, 1994, Advanced ChemTech filed an action against Chiron in the United States District Court for the Western District of Kentucky ("Kentucky action") seeking (1) a declaratory judgment that Chiron's '366 patent is invalid and (2) damages arising out of various business torts Chiron is alleged to have committed. On August 24, 1994, Chiron filed this action against Advanced ChemTech and SynPep, alleging that both companies are infringing the '366 patent and the '684 patent. Subsequently, Advanced ChemTech amended its complaint in the Kentucky action to include a request for a declaratory judgment that it has not infringed Chiron's '684 patent. Advanced ChemTech filed an answer and counterclaim relating to the two patents in this action on October 4, 1994.

## DISCUSSION

According to Advanced ChemTech, this action should be dismissed, transferred or· stayed because Chiron improperly joined SynPep and the Kentucky action was filed first. In response, Chiron argues that the dispute should be adjudicated in this district because (1) Advanced ChemTech improperly filed the Kentucky action; (2) this action

promotes judicial and litigant economy; and (3) precluding this action is contrary to the interests of justice.

■ Chiron contends that Advanced ChemTech improperly filed the Kentucky action in that it did not have a "reasonable apprehension" that Chiron would bring an infringement action against it. A plaintiff seeking declaratory relief must establish that there is an actual controversy present that is ripe for adjudication. *Shell Oil Co. v. Amoco Corp.,* 970 F.2d 885, 887 (Fed.Cir.1992). To satisfy this burden, the plaintiff must establish that it has a reasonable apprehension of being sued. *Id.* Whether a declaratory judgment plaintiff has a reasonable apprehension of being sued is evaluated objectively and, in the absence of express charges of infringement, the court is to examine the totality of the circumstances. *Id.*

■ Chiron's reliance on the reasonable apprehension doctrine is misplaced. The reasonable apprehension doctrine is used to test whether a court has subject matter jurisdiction. *See Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d 879, 883 (Fed. Cir.1985) ("reasonable apprehension, like other jurisdictional prerequisites, must exist at the time the suit is filed), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986). By raising the reasonable apprehension doctrine here, Chiron is implicitly asking this Court to determine whether the United States District Court for the Western District of Kentucky has jurisdiction to adjudicate Advanced ChemTech's declaratory relief action. It is not. this Court's province to determine whether jurisdiction as to Advanced ChemTech's declaratory relief action is proper in the Western District of Kentucky. Each court has jurisdiction to determine its own jurisdiction, *United States v. Mine Workers of America,* 330 U.S. 258, 292 n. 57, 67 S.Ct. 677, 695 n. 57, 91 L.Ed. 884 (1947), but not the jurisdiction of others.

■ Chiron also argues that this action should proceed because it will fully resolve all of its claims without unnecessary duplication and because this forum is closer to the witnesses who will testify. Generally, claims should be adjudicated in the forum of the

first-filed action, unless interests of justice and convenience dictate otherwise. *Genentech, Inc. v. Eli Lilly and Co.,* 998 F.2d 931, 937–938 (Fed.Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1126, 127 L.Ed.2d 434. In making this determination, a court may consider the convenience and availability of witnesses, whether or not the court has jurisdiction over the necessary or desirable parties and the extent to which the litigation may be comprehensively resolved. *Id.* at 938. Absent a "sound reason" for a change in forum, however, the first-filed action takes precedence over the later-filed action. *Id.*

■ Chiron has not presented sufficient grounds to have its action against Advanced ChemTech proceed here. First, Chiron offers no evidence demonstrating that this district is the superior forum in terms of jurisdiction over the necessary or desirable parties. Second, it will be inconvenient for certain witnesses no matter where the action proceeds. While Chiron's witnesses are concentrated in this area, Advanced ChemTech's witnesses principally reside on the East Coast. Under these circumstances, requiring the action to proceed here would do nothing more than shift the expense and inconvenience to Advanced ChemTech, making a transfer inappropriate. *Magnavox Co. v. APF Electronics, Inc.,* 496 F.Supp. 29, 34 (N.D.Ill.1980). Moreover, ruling in favor of Chiron based on this factor would render the general rule meaningless.

It is also unclear whether allowing the action to proceed here will be more efficient, particularly given questions Advanced ChemTech has raised about Chiron's claims against SynPep. According to Advanced ChemTech, Chiron joined SynPep in this action solely to have its disputes with Advanced ChemTech resolved here rather than in Kentucky. Advanced ChemTech's claim is well-founded. Although Chiron contends that Advanced ChemTech and SynPep are infringing both the '366 patent and the '684 patent, Chiron's counterclaim in the Kentucky action relates solely to Advanced ChemTech's infringement of the '366 patent. This suggests that Chiron's infringement claim relating to the '684 patent arises from SynPep's conduct, not activities engaged in by Advanced Chem-

Tech. Furthermore, Chiron has recently advised SynPep that it is willing to dismiss its claims against SynPep in exchange for SynPep's admission that Chiron's patent is valid and agreement that SynPep will not sell peptide libraries in the future. Saneii Decl., ¶ 2. Chiron has demanded no monetary consideration. *Id.* This development suggests that Chiron is not seriously considering litigating its claims against SynPep.

Finally, Chiron notes that it advised Advanced ChemTech as to possible infringement and attempted to negotiate a solution before Advanced ChemTech filed its declaratory relief action. Citing *Davox Corp. v. Digital Systems Int'l, Inc.,* 846 F.Supp. 144, 148 (D.Mass.1993), *Bausch & Lomb Inc. v. Alcide Corp.,* 684 F.Supp. 1155, 1160 (W.D.N.Y.1987); and *Columbia Pictures Indus., Inc. v. Schneider,* 435 F.Supp. 742, 747 (S.D.N.Y.1977), *aff'd* 573 F.2d 1288 (2d Cir. 1978), Chiron argues that Advanced ChemTech should not be permitted to take advantage of Chiron's decision to notify Advanced ChemTech of its potentially infringing activity and its attempt to settle the dispute before filing suit. The Court agrees that it is inappropriate to reward a declaratory judgment plaintiff who races to the courthouse when the patentee has engaged in good faith settlement negotiations. However, indiscriminately applying the holdings of these cases would run afoul of the first-filed rule, which governs forum choice whether or not the first-filed action is a declaratory relief action. *Genentech,* 998 F.2d at 937. In particular, Chiron's test would trump the first-filed rule whenever the patentee gave the alleged infringer notice of the claim, short-circuiting the alleged infringer's right to seek declaratory relief in the forum of his or her choice. In light of this conflict, a patentee's attempt to settle should be a factor that is considered along with the others that are a part of the first-filed rule balancing test.

In this case, Chiron's attempt to settle the action before filing suit does not weigh against Advanced ChemTech. The record indicates that both companies negotiated in good faith and even discussed future business arrangements before Advanced ChemTech filed the Kentucky action. *See* Green

Decl., ¶ 7. There is nothing to suggest that Advanced ChemTech raced to file in the Western District of Kentucky to preempt Chiron from filing an action here.

## CONCLUSION

In light of the foregoing, Advanced ChemTech's motion to sever and to dismiss, stay or transfer is GRANTED IN PART and DENIED IN PART. Chiron's claims against Advanced ChemTech are DISMISSED WITHOUT PREJUDICE and are ORDERED TRANSFERRED to the United States District Court for the Western District of Kentucky. Accordingly, Advanced ChemTech's motion to stay Chiron's action is DENIED as moot.

IT IS SO ORDERED.