Gary ANDROPHY, M.D., Plaintiff,

v.

SMITH & NEPHEW, INC., a Delaware corporation, Johnson & Johnson, a New Jersey corporation, Stryker Corp., a Michigan corporation, Osteonics Corp., a New Jersey corporation, and Howmedica, Inc., a Delaware corporation, Defendants.

No. 98 C 1078.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 23, 1998.

Joseph Nevi Hosteny, John Charles Janka, Raymond P. Niro, Niro, Scavone, Haller & Niro, Ltd., Chicago, IL, for Gary Androphy, M.D., plaintiff.

Thomas David Rein, Sidley & Austin, Chicago, IL, Jan K. Simpson, Paul E. Krieger, Pravel, Gambrell, Hewitt, Kimball & Krieger, Houston, TX, for Smith & Nephew Inc., defendant.

Dianne B. Elderkin, Barbara L. Mullin, Woodcock, Washburn, Kurtz, Mackiewicz & Norris, Philadelphia, PA, Harry J. Roper, Steven Raymond Trybus, Roper & Quigg, Chicago, IL, for Johnson & Johnson Inc., defendant.

Malcolm Hirsten Brooks, Marc L. Fogelberg, Steffanie N. Garrett, McBride, Baker & Coles, Chicago, IL, Arnold B. Dompieri, William L. Mentlik, Lerner, David, Litten-berg, Krumholz and Mentlik, Westfield, NJ, for Stryker Corp. and Osteonics Corp., defendants.

William Denby Heinz, Jenner & Block, Chicago, IL, Rudolf E. Hutz, Harold Pezzner, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Howmedica Inc, defendant.

Raymond P. Niro, Niro, Scavone, Haller & Niro, Chicago, IL, for plaintiff.

Thomas D. Rein, Sidley & Austin, Chicago, IL, Paul E. Krieger, Fulbright & Jaworski, LLP, Houston, TX, Harry J. Roper, Roper & Quigg, Chicago, IL, Philip S. Johnson, Woodcock, Washburn, Kurtz, Mackiewicz & Norris, LLP, Philadelphia, PA, Malcom H. Brooks, McBride Baker & Coles, Chicago, IL, Arnold Dompieri, Lerner, David, Littenberg, Krumholz & Mentlik, Westfield, NJ, William D. Heinz, Jenner & Block, Chicago, IL, Harold Pezzner, Connelly, Bove, Lodge & Hutz, Wilmington, DE, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Gary Androphy, an orthopaedic surgeon, filed suit alleging the defendants infringed U.S.Patent Nos. 4,487,203 (triplanar knee resection method) and 4,567,885 (triplanar knee resection system). Both patents are directed to the surgical implantation of artificial knees. Defendants Johnson & Johnson ("Johnson"), Stryker Corporation ("Stryker"), Osteonics Corporation ("Osteonics"), and Howmedica, Inc. ("Howmedica") filed motions to dismiss or sever claims for misjoinder, pursuant to Fed.R.Civ.P. 21. Johnson also filed a motion to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2). For the reasons set forth below, the motions are granted in part and denied in part.

### Background

Johnson is a New Jersey holding corporation with its principal place of business in Brunswick, New Jersey. It neither manufactures nor sells instruments for implanting

artificial knees,[1] but its wholly owned subsidiary, Johnson & Johnson Professional, Inc. ("JJPI"), is active in that field. Johnson and JJPI are separate corporate entities.

Stryker is a Michigan corporation with its principal place of business in Kalamazoo, Michigan. Stryker is the parent of Osteonics, a New Jersey corporation and a wholly owned subsidiary. Osteonics' principal place of business is in Allendale, New Jersey Both companies[2] manufacture and sell instruments for implanting artificial knees, as does Howmedica, a Delaware corporation with its principal place of business in Rutherford, New Jersey. Also engaged in manufacturing and selling such instruments is Smith & Nephew, Inc. ("Smith"), a Delaware corporation with its principal place of business in Memphis, Tennessee.

### Motion to Dismiss for Lack of Personal Jurisdiction

The first issue is whether Johnson is subject to personal jurisdiction. Under the "catch-all" provision of the Illinois long-arm statute, jurisdiction may be exercised on any basis "now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2–209(c).

■ Johnson is not subject to personal jurisdiction under the Due Process clause of the Fourteenth Amendment. Johnson has never manufactured, used or sold the knee-resection instruments at issue in the instant suit, either in Illinois or elsewhere. Further, it is not registered to do business in Illinois, and it has no agents here. It is a holding company which neither transacts business nor contracts to provide products or services in Illinois. Thus, Johnson lacks the "minimum contacts" with the forum state that would justify exercise of personal jurisdiction. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It has not "purposefully avail[ed] itself of the privilege of conducting activities"

in Illinois, *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and could not "reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

■ Further, personal jurisdiction cannot be asserted over Johnson as the parent of JJPI. "In general, the parent-subsidiary relationship is insufficient to confer personal jurisdiction." *Integrated Bus. Info. Serv. Ltd. v. Dun & Bradstreet Corp.,* 714 F.Supp. 296, 299 (N.D.Ill.1989). That is particularly true where, as here, the parent is shown to be separate from its subsidiary. *Graco, Inc. v. Kremlin, Inc.,* 558 F.Supp. 188, 191 (E.D.Ill. 1982) (citing *Cannon Mfg. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925)).

Johnson and JJPI are separate corporations. JJPI is fully capitalized, and Johnson does not pay any of JJPI's salaries, nor does it cover any of JJPI's expenses or losses. Each company maintains its own separate and independent bylaws, minutes, corporate records, financial records and bank accounts. In addition, each has its own independent board of directors. Most important, each company manages its own day-to-day business activities independently of the other. *See Brandt Consol., Inc. v. Agrimar Corp.,* 801 F.Supp. 164, 169 (C.D.Ill.1992); *see generally Graco,* 558 F.Supp. at 191 (listing factors in determining whether parent is sufficiently separate from subsidiary).

Johnson's motion to dismiss for lack of personal jurisdiction is therefore granted, and its motion to dismiss or sever claims for misjoinder is denied as moot.

### Motion to Dismiss or Sever Claims

Stryker/Osteonics and Howmedica have filed motions to dismiss or sever claims for misjoinder.[3] Under Federal Rule of Civil

---

1. The instruments at issue in this case are used by surgeons to cut and prepare bones in knee replacement surgery.

2. Because Stryker and Osteonics bring their Rule 21 motion and subsequent arguments jointly, they are treated herein as one defendant.

3. Because Howmedica's and Stryker's Rule 21 motions are based on the same rationale, they are treated together.

Procedure 20(a), parties may be joined as defendants "where the claims arise out of the same transaction or occurrence or the same series of transactions or occurrences and where common questions of law or fact are presented." *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 34 (N.D.Ill.1980). For joinder to be proper, both requirements must be met. *Id.*

■ There is a common question of law or fact here. Both Stryker and Howmedica are alleged to have infringed the same patents. However, that does not mean the claims against the two companies arise from a common transaction or occurrence. In *Magnavox*, joinder was held improper where the defendants were alleged to have infringed the same patent, but sold different products. 496 F.Supp. at 34. The court found no common transaction or occurrence. *Id.* Here, Stryker and Howmedica are separate companies that independently design, manufacture and sell different products in competition with each other. Clearly, the common transaction requirement has not been met as to the claims against Stryker and Howmedica. *See New Jersey Mach. Inc. v. Alford Indus. Inc.*, 21 U.S.P.Q.2d 2033, 2034–35 (D.N.J. 1991) ("claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant").

■ Accordingly, the joinder of Stryker and Howmedica is improper. However, misjoinder is not grounds for dismissal. Pursuant to Rule 21, the claims against Stryker/Osteonics and Howmedica are to be severed and proceeded with separately. Fed.R.Civ.P. 21.

### Conclusion

For the foregoing reasons, Johnson's motion to dismiss for lack of personal jurisdiction is granted, and its motion to dismiss or sever claims for misjoinder is denied as moot. The motions by Howmedica and Stryker/Osteonics to dismiss or sever claims for misjoinder are granted as to severance and denied as to dismissal.