QUALCOMM, INC., Plaintiff,

v.

GTE WIRELESS, INC., Defendant.

No. Civ.A. 99–1951–B(CGA).

United States District Court, S.D. California.

Dec. 14, 1999.

Louis M. Lupin, San Diego, CA, James R. Batchelder, Cupertino, CA, for plaintiff.

Kathleen M. Walker, Los Angeles, CA, for defendant.

## ORDER DENYING QUALCOMM'S MOTION TO CONSOLIDATE AND DISMISSING ACTION WITHOUT PREJUDICE

BREWSTER, Senior District Judge.

### I. INTRODUCTION

Before the Court is the motion by Qualcomm, Inc. to consolidate Civil Case No. 99–1951–B with Civil Case No. 99–2173–B.

### II. BACKGROUND

On June 29, 1999, GTE Wireless, Inc. ("GTE") filed suit against Qualcomm, Inc. ("Qualcomm") in the United States District Court for the Eastern District of Virginia. GTE alleged that Qualcomm was infringing on its U.S.Patent No. 4,916,728 (the " '728 Patent"), which patent relates to the identification, processing, and selection of frequencies used by cellular telephones.

On September 13, 1999, Qualcomm filed suit against GTE in this court. Qualcomm's suit was given Civil Case No. 99–1951–B. Qualcomm's suit seeks a declaratory relief judgment that it is not infringing on GTE's '728 Patent.

GTE's action in the Eastern District of Virginia was transferred to the United States District Court for the Southern District of California and, on October 12, 1999, was initially assigned to the Honorable Judith N. Keep and was re-numbered Civil Case No. 99–2173–K. On October 27, 1999, that action was re-assigned to this Court pursuant to the "low number rule" set forth in Civil Local Rule 40.1[1] and became Civil Case No. 99–2173–B.

On November 2, 1999, Qualcomm filed in this case the motion presently before the Court: a Motion Under Federal Rule of Civil Procedure 42(a) to Consolidate Related Cases ("Motion"). Qualcomm seeks two things in its Motion: (1) consolidation of Civil No. 99–1951–B with Civil No. 99–2173–B; and (2) alignment of the parties in the consolidated case as they are aligned in this case. In other words, Qualcomm seeks to be the Plaintiff in the consolidated action.

In its Opposition, erroneously filed in Civil No. 99–2173–B, GTE joins in Qualcomm's request that the two cases be consolidated. However, GTE seeks to be the Plaintiff in the consolidated case and requests that Qualcomm be listed as the Defendant.

### III. ANALYSIS

#### A. Sua Sponte Dismissal

The above entitled declaratory relief action was filed by Qualcomm pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201. That provision provides that:

1. Civil Local Rule 40.1(h) provides:

Assignments and Transfers. In order to avoid unnecessary duplication of judicial effort, all pending civil actions and proceedings, which are determined to be related to any other pending civil action or proceeding pursuant to the criteria set forth in Civil Local Rule 40.1(d) shall be assigned to the district judge to whom the case was originally assigned, or the magistrate judge if the magistrate judge is handling the case by consent, pursuant to Civil Local Rule 40.1, the case first filed of any given series of cases (i.e., the case bearing the lowest case file number in the series). Orders for transfers of cases subject to this "low-number" rule shall be made and entered at the earliest practicable date following commencement of the action or proceeding.

Civil Local Rule 40.1(d) provides:

Low Number Rule, Criteria. The clerk shall promptly examine the original complaint or petition in each civil action and proceeding hereafter filed and ascertain whether any one or more civil actions or proceedings pending or any one or more currently filed appear (1) to arise from the same or substantially identical transactions, happenings, or events; or (2) involve the same or substantially the same parties or property, or (3) involve the same patent or the same trademark, except where in one or both of the actions concerned, the same patent or trademark is joined with other patents or trademarks which do not cover the same or substantially identical things or devices; or (4) call for determination of the same or substantially identical questions of law; or (5) for other reasons would entail substantial duplication of labor if heard by different judges.

In the case of an actual controversy within its jurisdiction, [exceptions omitted] ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201(a) (West 1994) (emphasis added).

■ When an actual controversy and federal jurisdiction exist, it is within the discretion of the district court whether to hear the section 2201 declaratory relief action. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222–23 (9th Cir. 1998) (en banc). In fact, "[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Thus, "the Declaratory Judgment Act [is] an 'enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'" *Id.* at 287, 115 S.Ct. 2137 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952)). A district court may raise the question of whether it should exercise its discretion under section 2201 sua sponte. *See Dizol*, 133 F.3d at 1221.

■ It is well settled that a district court may decline to exercise jurisdiction under the Declaratory Judgment Act when a parallel state court case is pending. In fact, "[t]he primary instance in which a district court should exercise its discretion to dismiss a [declaratory relief] case is presented when there exists a parallel proceeding in state court." *Maryland Casualty Co. v. Knight*, 96 F.3d 1284, 1288 (9th Cir.1996). The reasons for dismissal under these circumstances include "the con-

servation of judicial resources, the avoidance of duplicative litigation, [and] the avoidance of the needless resolution of state law questions in federal court." *Id.* at 1299 (quoting *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 800 (9th Cir.1995)).

■ While there is no pending parallel state action in the instant case, there is pending before this Court a parallel federal action, *GTE Wireless v. Qualcomm*, Civil Case No. 99–2173–B.[2] That parallel case raises (or gives Qualcomm the opportunity to raise by defense and counterclaim) precisely the same issues that are raised in this action. Both cases center around the '728 Patent. However, GTE filed Civil No. 99–2173–B in the Eastern District of Virginia nearly three months prior to when Qualcomm filed this suit. "Generally, claims should be adjudicated in the forum of the first-filed action." *Chiron Corp. v. Advanced Chemtech, Inc.*, 869 F.Supp. 800, 801–02 (N.D.Cal.1994). Where the forum of the first filed action is transferred to this forum, this Court holds that the transferee forum should be the forum for adjudication.

For the same reasons that federal courts regularly abstain from hearing declaratory relief cases when parallel state cases are pending, this Court exercises its discretion to decline to hear this declaratory relief action. Most importantly, judicial economy and the avoidance of duplicative litigation argue in favor of dismissing this declaratory relief action. Additionally, this approach will discourage forum shopping and positioning.

Accordingly, the Court hereby **DISMISSES** Civil Case No. 99–1951–B without prejudice, including all pending motions and conferences previously scheduled. It appears that no discovery has been initiated in this case to date.

---

**2.** The Court has been unable to find any reported case applying the *Karussos* rule of law

in the context of two pending parallel federal cases.

**B. Motion to Consolidate.**

In light of the Court's ruling above dismissing this action, Qualcomm's Motion to Consolidate has been rendered moot and is denied on that ground.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

(1) this action is **DISMISSED WITHOUT PREJUDICE** because the Court in its discretion declines to exercise jurisdiction pursuant to 28 U.S.C. § 2201; and

(2) Qualcomm's Motion to Consolidate is **DENIED** as moot.

The Clerk shall close the file.

**IT IS SO ORDERED.**