**BEN KOZLOFF, INC., an Illinois corporation, Plaintiff,**

v.

**H & G DISTRIBUTORS, INC., Defendant.**

No. 88 C 8993.

United States District Court, N.D. Illinois, E.D.

July 28, 1989.

Morton Denlow, Ellen Barron Feldman, Dardick & Denlow, Chicago, Ill., for plaintiff.

James B. Dykehouse, Witwer, Burlage, Poltrock & Giampietro, Chicago, Ill., for defendant.

---

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Plaintiff, Ben Kozloff, Inc. ("Kozloff"), has filed this two-count diversity action against defendant, H & G Distributing, Inc. ("H & G Distributing").[1] In response to Kozloff's complaint, H & G Distributing has filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth in this opinion, H & G Distributing's motion to dismiss is denied.

### I. *Factual Background*

Kozloff, an Illinois corporation with its principal place of business in Chicago, Illinois, is an importer and wholesaler of frozen seafood products in the United States. H & G Distributing is a Pennsylvania corporation with its principal place of business in Bensalem, Pennsylvania. H & G Distributing maintains no offices in Illinois, nor does it have any agents here.

For the past seven years, H & G Distributing has placed weekly or biweekly orders for varying amounts of frozen seafood with Kozloff. H & G Distributing initiated each of these purchase orders by telephone. As a result of these orders, since April 1982, H & G Distributing has purchased from Kozloff nearly 790,000 pounds of seafood worth approximately 3.75 million dollars. Kozloff completed these orders by shipping the frozen seafood directly from its inventory to H & G Distributing's storehouses in Philadelphia. During the period in question, Kozloff maintained inventory in several foreign countries (Australia, New Zealand and Honduras) and in other locations within the United States, but outside of Illinois. Kozloff maintains no inventory in Illinois. Kozloff mailed all invoices for the purchase orders to H & G Distributing from its Chicago office and H & G Distrib-

uting made all payments to Kozloff's Chicago office.

This particular dispute arose over various quantities of frozen seafood sold by Kozloff to H & G Distributing between May and July of 1988. Kozloff supplied the seafood in accordance with H & G Distributing's requests and thereafter sent invoices to H & G Distributing seeking payment for the seafood. After making repeated demands for payment of these invoices with no results, Kozloff filed this two-count complaint alleging breach of contract and account stated. In its complaint, Kozloff alleges that this Court has personal jurisdiction over H & G Distributing pursuant to the "transacting business" provision of the Illinois long-arm statute. *See* Ill.Rev.Stat. ch. 110, ¶ 2–209(a)(1) (1987). In its motion to dismiss, H & G Distributing challenges Kozloff's assertion and contends that this Court has no personal jurisdiction over it.

### II. *Discussion*

For purposes of resolving this issue, we must accept all undenied factual allegations as true and resolve all factual disputes in favor of the party seeking jurisdiction. *See Saylor v. Dyniewski,* 836 F.2d 341, 342 (7th Cir.1988). Because this is a diversity action, this Court will have jurisdiction only if the Illinois courts would have jurisdiction. *See Young v. Colgate–Palmolive Co.,* 790 F.2d 567, 569 (7th Cir. 1986); *Lakeside Bridge & Steel Co. v. Mountain State Construction Co., Inc.,* 597 F.2d 596, 598 (7th Cir.1979), *cert. denied,* 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980). Thus, we examine the jurisdictional requirements of Illinois.

In Illinois, a party seeking to establish personal jurisdiction over a nonresident defendant must satisfy a two-part test. First, he must demonstrate that the nonresident defendant has performed one of the acts enumerated in the Illinois long-arm statute. Ill.Rev.Stat. ch. 110, ¶ 2–209

---

1. Although the captions of the complaint and subsequent pleadings consistently identify the defendant as "H & G Distributors, Inc." in the body of its briefs, defendant consistently refers to itself as "H & G Distributing, Inc." For purposes of this motion, we assume that the latter is correct and refer to defendant accordingly. For future reference and clarification of the record, however, we suggest that the defendant move to amend the caption to reflect its correct name.

(1987).[2] Second, he must show that the nonresident defendant has had sufficient "minimum contacts" to satisfy the Due Process Clause of the Fourteenth Amendment. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Although these two requirements were originally read as coterminous, the Illinois Supreme Court has made clear that long-arm jurisdiction may not be exercised in every situation which due process would permit. *See Young,* 790 F.2d at 569. Consequently, we analyze the statutory and constitutional components separately.

### A. Analysis Under the Illinois Long–Arm Statute

■ Under the Illinois long-arm statute, one of the acts which gives rise to jurisdiction over a nonresident defendant is the "transaction of business" in this state. Ill. Rev.Stat. ch. 110, ¶ 2–209(a)(1) (1987). The exercise of this jurisdiction, however, is limited to causes of action "arising from" the defendant's "transaction of business." Ill.Rev.Stat. ch. 110, ¶ 2–209(a) and (d).

Under the Illinois "transacting business" requirement, neither the physical presence of the nonresident nor regular and systematic conduct of business within the state is necessary. *See Snyder v. Smith,* 736 F.2d 409, 416 (7th Cir.) *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984). In the past, Illinois courts have consistently held that activities such as mailing money or messages to an Illinois resident or placing telephone calls to an Illinois resident, coupled with an intent to affect Illinois business interests and to communicate a message to Illinois, are sufficient to satisfy the requirements of the Illinois long-arm

statute. *See AM International Leasing Corp. v. National Council of Negro Women, Inc.,* 627 F.Supp. 1302, 1308 (N.D.Ill. 1986); *Club Assistance Program, Inc. v. Zukerman,* 594 F.Supp. 341, 347 nn. 8–11 (N.D.Ill.1984) (collecting numerous Illinois cases).

In determining whether a nonresident defendant has "transacted business" in Illinois, several factors are relevant: which party initiated the transaction; where the contract was negotiated and consummated; and where performance of the contract occurred. *See Gordon v. Tow,* 148 Ill.App.3d 275, 280–81, 101 Ill.Dec. 394, 398, 498 N.E.2d 718, 722 (1st Dist.1986). None of these factors, however, is controlling. *See Gordon,* 148 Ill.App.3d at 281, 101 Ill.Dec. at 398, 498 N.E.2d at 722. Ultimately, the entire relationship between the parties controls and the "total picture [must] support[] a conclusion [that the defendant] transacted business in Illinois within the meaning of the statute." *AM International Leasing,* 627 F.Supp. at 1308.

In this case, Kozloff has sufficiently established that H & G Distributing "transacted business" in Illinois for purposes of the long-arm statute. Several factors support the exercise of personal jurisdiction. First, Kozloff and H & G Distributing have enjoyed a regular and continuous business relationship for the past seven years. In light of this seven-year association, it is reasonable to presume that H & G Distributing knew that it was dealing with an Illinois corporation and affecting a business interest in Illinois. We note that each of Kozloff's invoices clearly identify it as a corporation with offices in Chicago, Illinois and require payment here. Second, H & G Distributing initiated each of the business transactions through weekly or bi-weekly

---

2. The statute provides in relevant part:
   (a) Any person whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated thereby submits such person and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any such acts:
   (1) The transaction of any business within this State;

\*  \*  \*  \*  \*  \*

(d) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which the jurisdiction over him or her is based upon this Section.

Ill.Rev.Stat. ch. 110, ¶¶ 2–209(a)(1) and (d) (1987).

phone calls to Kozloff.[3] Finally, H & G Distributing at least partially performed its part of the contract—namely, paying for the seafood products—by sending payment to Kozloff in Illinois.[4] That Kozloff ultimately completed H & G Distributing's purchase orders from inventory stored outside of the state does not defeat personal jurisdiction. *See Maurice Sternberg, Inc. v. James,* 577 F.Supp. 882, 886 (N.D.Ill. 1984) (the place where a plaintiff is to perform a contract is irrelevant to the determination of personal jurisdiction; the jurisdictional inquiry focuses on the acts of the defendant); *Gordon,* 148 Ill.App.3d at 280, 101 Ill.Dec. at 398, 498 N.E.2d at 722 (only acts of the defendant should be considered in determining whether business was transacted in Illinois).

Here, the contract was at least partially consummated and performed in Illinois, H & G Distributing intentionally reached into this state in order to conduct business with Kozloff, and H & G Distributing enjoyed significant benefits as a result of these business transactions. Thus, the "total picture" of the parties' relationship shows that H & G Distributing sufficiently "transacted business" in Illinois to fall within the ambit of the Illinois long-arm statute. Because this suit unquestionably arises from the business transacted here by H & G Distributing, the exercise of jurisdiction is proper under the Illinois long-arm statute.[5]

**B. Analysis Under the Due Process Clause**

■ Having analyzed the requirements of the Illinois long-arm statute, this Court

must next assess the due process limits on the exercise of personal jurisdiction over H & G Distributing. Although this Court recognizes that the analysis under the Illinois long-arm statute is narrower in scope than the "minimum contacts" analysis under the Due Process Clause, we must nonetheless consider whether the exercise of personal jurisdiction comports with due process. The central question posed by the due process analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Resolution of this question requires a two-pronged analysis. *See Burger King v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). First, the court must determine whether the nonresident defendant has "purposefully established 'minimum contacts' in the forum State." *Burger King,* 471 U.S. at 474, 105 S.Ct. at 2183. Second, the court must determine whether the exercise of personal jurisdiction would otherwise comport with "traditional notions of fair play and substantial justice." *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184 (quoting *International Shoe Co.,* 326 U.S. at 316, 66 S.Ct. at 158).

We believe that H & G Distributing's contacts with Illinois in this case satisfy both prongs. First, as previously noted, H & G Distributing has regularly and intentionally conducted business with Kozloff by mail and telephone on a weekly or bi-weekly basis for approximately seven years.

3. This case involves far more than a single telephone call or mailing or several casual telephone calls or mailings between the parties. *Cf. Afirm, Inc. v. Frazee Paint & Wallcovering Co., Inc.,* 624 F.Supp. 973, 976 (N.D.Ill.1985) (collecting other cases). On that basis (as well as others), this case is distinguishable from the line of cases which hold that interstate telephone calls and mailings are not themselves sufficient to confer personal jurisdiction under the Illinois long-arm statute.

4. We note that each of Kozloff's invoices *conspicuously* requires payment to Kozloff in Chicago, Illinois.

5. We also note that Judge Nordberg recently reached a similar conclusion in a case brought by Kozloff against one of its other customers. *See Ben Kozloff, Inc. v. Queen of the Ocean, Inc.,* No. 88 C 8464 (Feb. 6, 1989). In that case, the defendant, Queen of the Ocean, Inc., contested personal jurisdiction, raising many of the same arguments advanced here. In an oral ruling, Judge Nordberg held under similar circumstances that the defendant had "transacted business" within the meaning of the Illinois long-arm statute, though he acknowledged, as we do here, that the case was a "somewhat of a close case."

These contacts are sufficiently systematic and continuous to satisfy the "minimum contacts" test. H & G Distributing's lack of physical presence in Illinois does not defeat the exercise of jurisdiction. As the Supreme Court stated in *Burger King:*

> Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there.

*Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184.

Exercising personal jurisdiction over H & G Distributing likewise comports with traditional notions of "fair play and substantial justice." Based on the seven-year business relationship between the parties in this case and H & G Distributing's intentional solicitation of business from an Illinois resident, H & G Distributing cannot persuasively argue that it could not reasonable anticipate being haled into Illinois in the event a dispute arose over the business dealings of the parties. Nor can its contacts reasonably be characterized as "random," "fortuitous," or "attenuated." *See Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183. Although litigating this matter in Illinois arguably may inconvenience H & G Distributing, this fact alone will not defeat otherwise proper jurisdiction.[6] Accordingly, this Court concludes that subjecting H & G Distributing to its jurisdiction both satisfies the requirements of the Illinois long-arm statute and comports with the minimum requirements of due process. H & G Distributing's motion to dismiss for

lack of personal jurisdiction is therefore denied.

---

6. It should be noted that while neither party has sought a transfer of venue pursuant to 28 U.S.C. § 1404(a), such a transfer probably would not eliminate the inconvenience posed by litigating here. Instead, a transfer probably would just shift the inconvenience to Kozloff.