**BANKERS LEASING ASSOCIATION, INC., Plaintiff,**

v.

**TOMPKINS, McGUIRE & WACHENFELD, Defendant.**

**No. 89 C 9305.**

United States District Court, N.D. Illinois, E.D.

March 27, 1990.

Floyd Babbitt, Mary E. Gardner, Fagel, Haber & Maragos, Chicago, Ill., for plaintiff.

Daniel I. Schlessinger, Terrence P. Canade, Lord, Bissell & Brook, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Law partnership Tompkins, McGuire & Wachenfeld (the "Firm") has filed a motion framed in the alternative in this action brought by Bankers Leasing Association, Inc. ("Bankers") for breach of an equipment lease, seeking:

1. to dismiss Bankers' Complaint under Fed.R.Civ.P. ("Rule") 12(b)(2) for lack of personal jurisdiction over the Firm; or

2. to transfer this action under 28 U.S.C. § 1404(a) to the United States District Court for the District of New Jersey, where the Firm is located and where it contends all the material witnesses are located.

This brief memorandum opinion and order confirms the guidance given orally to the litigants' counsel at today's status hearing, in light of the memorandum just filed by Bankers in opposition to the Firm's dual motion.[1]

Because Bankers relies on the Illinois long-arm statute (Ill.Rev.Stat. ch. 110, ¶ 2–209 ["Section 2–209"][2]) to obtain personal jurisdiction over the Firm in this diversity action, Bankers' responsive memorandum quite properly relies substantially on the most recent opinion from our Court of Appeals on that subject: *FMC Corp. v. Varonos*, 892 F.2d 1308 (7th Cir.1990). But Bankers seeks to buttress *FMC*'s articulation of the Illinois standard[3] by also invoking the September 7, 1989 amendment to the Illinois long-arm statute—an amend-

ment that has extended the statute's reach to the outer boundaries permitted by the Due Process Clause (see *FMC*, 892 F.2d at 1311 n. 5). For the reason expressed in this opinion, that added fillip is unjustified.

Although this lawsuit was filed in December 1989, the conduct of the Firm to which Bankers points in its effort to secure personal jurisdiction over the Firm here in Illinois took place in 1987. And it is of course a defendant's *conduct*, rather than the fact of its being *sued* here, that creates the potential for such personal jurisdiction. It is necessary only to quote the relevant portion of the long-arm statute (P.A. 86–840, § 1 amending Section 2–209, 1989 Ill. Legis.Serv. 4069, 4070 (West)) to reconfirm that self-evident fact:[4]

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(1) the transaction of any business within this State;

\*　　\*　　\*　　\*　　\*　　\*

*(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.*

As can be seen, the long-arm statute itself speaks of *acts* by which a person submits to the Illinois courts' jurisdiction "as to any cause of action arising from the doing of any such acts." And it is this Court's view that the new Section 2–209(c), which represents the legislative overruling

---

**1.** Because the briefing schedule is not yet completed, the subsequent discussion in the text is intended to provide a proper focus for the parties.

**2.** "Section" is used here rather than "Paragraph" because the Illinois General Assembly employs the "§" designation in enacting its legislation— "¶" is used by Smith–Hurd, the publisher of the annotated statutory compilation.

**3.** *FMC*, 892 F.2d at 1312–13 adopted the analysis in *Club Assistance Program, Inc. v. Zukerman*, 594 F.Supp. 341 (N.D.Ill.1984), in which this Court had sought to synthesize the Illinois case law applying the long-arm statute.

**4.** To highlight the relevant change made by the September 1989 amendment, the potentially significant part of the language added by that amendment (Section 2–209(c)) is emphasized in the following quotation.

of the Illinois Supreme Court's earlier declaration of independence from the automatic application of federal due process standards (*Cook Associates, Inc. v. Lexington United Corp.*, 87 Ill.2d 190, 197, 57 Ill.Dec. 730, 733, 429 N.E.2d 847, 850 (1981); *Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 436–37, 56 Ill.Dec. 657, 660, 427 N.E.2d 1203, 1206 (1981)), must be read in the same terms—else a quite different kind of due process problem would be presented, under which a party could be haled into court for conduct that would not have subjected that party to suit when the action was taken.

Lest that last proposition may be thought overly cryptic, some elaboration may be in order. There is of course a reason that the Illinois long-arm statute is framed in terms of submission to jurisdiction by the performance of some act. Initially in personam jurisdiction rested on the historic (and jurisprudentially primitive) notion that such jurisdiction was dependent on the physical service of process while the defendant was physically present in the forum jurisdiction. Then in the evolutionary process of expanding in personam jurisdiction, all the departures from that original notion began with the idea that the defendant had impliedly consented to such jurisdiction by engaging in specified conduct.[5] And in every instance those departures were found to pass constitutional muster under the Due Process Clause because the defendant could reasonably have expected to be haled into court on the basis of that specified conduct (see, e.g., among the myriad cases applying that approach, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76, 105 S.Ct. 2174, 2183–84, 85 L.Ed.2d 528 (1985)).

But here a state Supreme Court—the ultimate authority on the meaning of its state's statutes—had announced that defendants would *not* automatically be subjected to suit in Illinois merely because the federal definition of permissible jurisdiction in due process terms would have embraced the Illinois-related activity of those defendants. Instead the established Illinois case law would be used to measure the reach of the Illinois long-arm statute, a reach that could well be less extensive than the Due Process Clause would allow.[6] Under those circumstances people and companies had a right to rely on the premise that their conduct that was in the gap area—conduct that fell outside the Illinois-case-defined reach of Section 2–209, though it came within the potential reach of the Due Process Clause—would not later force them into Illinois courts to respond to claims stemming from that very conduct. And for courts to defeat those justified expectations would tend to undercut the notions of predictability of legal rules, and of the consequences of engaging in conduct in reliance on those rules, that implicate due process considerations.

Familiar principles teach that statutes should be construed, if reasonably possible, to avoid such potential constitutional infirmities. And a reading of Section 2–209(c) as stating a rule that is applicable only to *future* and not to *past* conduct (like all the rest of Section 2–209) serves those principles, as well as being the most logical reading of the statutory language in its own context.[7] It is true that *FMC*, 892

---

5. Things have really come full circle. Just now the United States Supreme Court has a case under consideration in which it is reexamining the validity of the original physical-service physical-presence concept as exemplified in *Pennoyer v. Neff*, 95 U.S. 714, 24 L.Ed. 565 (1877). That case is *Burnham v. California Superior Court, Marin County.* [After this opinion was issued but before its publication, the Court unanimously reconfirmed the continued viability of physical service while physically present as a basis for in personam jurisdiction (116 S.Ct. 2105)].

6. Of course the state statute could not constitutionally overreach the Due Process Clause, and there might well be areas in which the bound-

aries of that Clause and the state statute were coextensive. But what the Illinois Supreme Court made crystal clear in the *Cook Associates* and *Green* cases cited in the text was that it would not delegate the outer bounds of the definitional process to the federal courts—a plainly permissible decision.

7. In Illinois (as in most jurisdictions) statutory captions are not considered part of the statutes themselves. All the same, it is worth noting that Section 2–209 is titled (emphasis added):

*Act* submitting to jurisdiction—Process

Former Sections 2–209(b) and (c), now relettered (d) and (e) as the result of the September 1989 amendment, deal with the service of pro-

**312**

F.2d at 1311 n. 5 said that the Court of Appeals was applying the pre–1989–amendment version of the long-arm statute "[b]ecause this change became effective after the present case was filed...." But the Court of Appeals was not there called upon to examine the issue discussed here, and that offhand dictum cannot be viewed as controlling.

Accordingly the parties are directed to address the issue now before this Court in terms of the pre–1989–amendment version of Section 2–209. This Court will await the completion of the parties' briefing on the current motion.

Stephanie Uhlarik, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Keith Spielfogel, Chicago, Ill., for defendant.

cess (the second of the two subjects covered in the title to Section 2–209). At least presumptively it would seem that the earlier portions of the statute (including the new Section 2–209(c)) ought to be within the scope described in the first of the subjects stated in the title. Thus, although this Court would not of course rely on

the statutory title as a major underpinning of its analysis, that title certainly appears corroborative of the reading that Section 2–209(c) like Section 2–209(a) is focused on the defendant's *acts* submitting to jurisdiction (and hence necessarily on when those *acts* occurred, rather than on the later date when suit was filed).