**SKY VALLEY LIMITED PARTNER-SHIP, an Illinois limited partnership, Plaintiff,**

**v.**

**ATX SKY VALLEY, LTD, a Texas limited partnership, Defendants.**

**No. 91 C 4728.**

United States District Court, N.D. Illinois, E.D.

Oct. 28, 1991.

Donald E. Egan, Bonita L. Stone, Kenneth M. Kliebard, Katten, Muchin & Zavis, Chicago, Ill., for plaintiff.

Alan S. Ganz, Marc A. Primack, Rooks, Pitts and Poust, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

For reasons stated herein, ATX's motion to dismiss this complaint for lack of personal jurisdiction is denied. ATX's motion to transfer this case to the Northern District of California is granted.

## I. FACTS

The plaintiff, Sky Valley Limited Partnership ("Sky Valley") is a limited partnership formed solely to acquire and develop the Sky Valley Project ("the project"), a massive real estate acquisition and development project located in Vallejo, California. It is an Illinois corporation with its offices in Elk Grove Village, Illinois. Its sole limited partner is Tang, Industries, Inc. ("Tang, Industries"), an Illinois corporation.

The defendant, ATX Sky Valley, Ltd ("ATX") is a limited partnership formed solely to manage and develop the project. It is a Texas corporation but does the bulk of its business in California in connection with the project.

The following facts are assumed to be true for the purposes of this motion. ATX initiated a discussion with Tang, Industries for the purpose of soliciting it to fund the purchase of the Sky Valley project which ATX would manage and develop. At least four discussions during the negotiations process took place between agents of ATX and agents of Tang, Industries in Elk Grove Village, Illinois. These occurred on May 9, 1989, July 7, 1989, July 19, 1989, and July 25, 1989. The substance of many of these meetings involved negotiations on and tentative agreements to many of the terms ultimately incorporated into the final agreement ("the Agreement") which was executed on September 7, 1989.

Problems eventually arose concerning the project which prompted the filing of at least four lawsuits by third parties against ATX and Sky Valley as codefendants ("the California Suits"). These suits are all pending in California.

Sky Valley filed this lawsuit against ATX alleging that ATX has ceased performing its obligations under the Agreement and, that there is an actual controversy concerning the rights of the parties under the Agreement. Sky Valley asks for both declaratory relief and damages. ATX filed a countersuit against Sky Valley in the Northern District of California alleging breach of the Agreement and alleging promissory fraud and tortious interference with contract. ATX filed a motion to dismiss this action for lack of personal jurisdiction or in the alternative, to transfer this motion to the Northern District of California.

## II. DISCUSSION

A. *Motion to Dismiss For Lack of Personal Jurisdiction*

■ A federal court will only have personal jurisdiction over a party if the forum state court could exercise personal jurisdiction over the party. *Young v. Colgate–Palmolive Co.*, 790 F.2d 567, 569 (7th Cir. 1986); *Lakeside Bridge & Steel Co. v. Mountain State Construction Co., Inc.*, 597 F.2d 596, 598 (7th Cir.1979), *cert denied*, 445 U.S. 907, 100 S.Ct. 1087, 63

L.Ed.2d 325 (1980). Thus, this court must consider whether an Illinois court could exercise jurisdiction over ATX according to Illinois law.

■ In Illinois, the party seeking to establish personal jurisdiction over a nonresident defendant must satisfy a two-part test. He must show that personal jurisdiction is proper under the Illinois long-arm statute, Ill.Rev.Stat. ch. 110, para. 2–209 (1989) and that the exercise of jurisdiction would be proper under the due process requirements of the United States Constitution.

■ In order to sustain its burden of proof, a plaintiff must make a prima facie showing that personal jurisdiction over the defendant is proper. *O'Hare Int'l Bank v. Hampton*, 437 F.2d 1173, 1176 (7th Cir. 1971). In deciding a motion to dismiss for lack of personal jurisdiction, the court may consider any affidavits submitted by either side but all factual disputes are to be resolved in favor of the party seeking jurisdiction. *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir.1988); *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1215 (7th Cir.1984); *Torco Oil Co. v. Innovative Thermal Corp.*, 730 F.Supp. 126, 128 (N.D.Ill.1989).

### 1. Illinois Long–Arm Statute

Under the Illinois Long-arm Statute, the party seeking personal jurisdiction over a nonresident defendant must show that the defendant performed one of the acts enumerated in the Illinois long-arm statute. One enumerated act is the transaction of business in Illinois. Ill.Rev.Stat. ch. 110, Para. 2–209(a)(1) (1987). The exercise of this jurisdiction is limited to causes of action "arising" from that transaction of business. Ill.Rev.Stat. ch. 110, Para. 2–209(a) and (d) (1987).[1]

#### a. *Transaction of Business*

■ There are three factors which are particularly useful in determining whether a company transacted business in Illinois for the purpose of personal jurisdiction in a contract case: "which party initiated the transaction; where the contract was negotiated and consummated; and where performance of the contract occurred." *Ben Kozloff, Inc. v. H & G Distributors, Inc.*, 717 F.Supp. 1336 (N.D.Ill.1989). *See also Gordon v. Tow*, 148 Ill.App.3d 275, 280–281, 101 Ill.Dec. 394, 398, 498 N.E.2d 718, 722 (1st Dist.1986). None of these factors is dominant. The court must look at the totality of circumstances to determine whether the defendant transacted business in Illinois within the meaning of the statute. *Kozloff*, 717 F.Supp. at 1338.

■ Where as here, a defendant is physically present in the state of Illinois for the purpose of initiating the transaction with the plaintiff, the courts have generally found this to weigh heavily in support of personal jurisdiction. *Torco Oil Co.*, 730 F.Supp. at 131; *Maurice Sternberg, Inc. v. James*, 577 F.Supp. 882 (N.D.Ill.1984). Because we must resolve factual disputes in favor of the plaintiff, we must take as true Sky Valley's assertion that several agents of ATX travelled to Elk Grove Village, Illinois on May 9, 1989 to discuss ATX's interest in securing Sky Valley's participation in the transaction involved in this lawsuit.

In addition to this initial meeting, the agents of ATX also travelled into Illinois three more times in order to negotiate the contract which was ultimately consummated. Where in-state negotiations are of some substance, they clearly rise to the level of transaction of business in Illinois. *Torco Oil Co.*, 730 F.Supp. at 126; *Ronco, Inc. v. Plastics, Inc.*, 539 F.Supp. 391, 396 (N.D.Ill.1982); *First National Bank of Chicago v. Boelcskevy*, 126 Ill.App.3d 271, 274, 81 Ill.Dec. 380, 466 N.E.2d 1182, 1185 (1984). The negotiations which took place in Illinois are sufficient to satisfy this test since they included tentative agreements on many of the terms ultimately incorpo-

---

**1.** The September 7, 1989 amendment to the Illinois long-arm statute will not be applied in this case since the transaction in question began before its passage and this amendment should not be applied retroactively. *Bankers Leasing v. Tompkins, McGuire & Wachenfeld,* 734 F.Supp. 309, 311 (N.D.Ill.1990).

rated in the final contract. *See Feldman Assocs. v. Lingard & Assocs., Inc.*, 676 F.Supp. 877, 879 (N.D.Ill.1988). It is not relevant that the meeting on July 19, 1989 was terminated by one of the parties following a disagreement. It was still an integral part of the negotiation process. A phone call between the two parties occurred on the following day during which it was agreed that the negotiations would continue.

■■■■ The fact that the contract at issue here specifies Illinois law is also a factor which supports a finding of personal jurisdiction. *Continental Bank N.A. v. Everett*, 742 F.Supp. 508, 510–511 (N.D.Ill. 1990) (J. Bua).[2] Under the Illinois long-arm statute, it is not necessary that the contract at issue be formed in Illinois as long as there are other sufficient contacts to establish that the defendant transacted business in Illinois. *Deluxe Ice Cream*, 726 F.2d at 1216; *Feldman*, 676 F.Supp. at 879. Nor is it necessary that the contract be performed in Illinois. *Kozloff*, 717 F.Supp. at 1338. The facts that ATX initiated the transaction, that four meetings took place in Illinois, and that the contract designates Illinois law as controlling all serve to convince this court that the ATX transacted business in the state of Illinois.

### b. *Arising Out of*

■■■■ The arising out of requirement is uniformly interpreted to mean that the cause of action "lie in the wake" of the instate activity. *Torco Oil Co.*, 730 F.Supp. at 133; *Deluxe Ice Cream*, 726 F.2d at 1215. This is met in this case since Sky Valley's claim is based upon the contract which was the subject of the Illinois negotiations and which designates Illinois law as governing.

### 2. Due Process

■■■■ Once it has been determined that jurisdiction is proper under the long-arm statute, it becomes necessary to determine whether this exercise of jurisdiction is proper under the due process clause.

Due process protects a defendant from being subjected to the jurisdiction of a state with which he has no "contacts, ties, or relations." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 159, 90 L.Ed 95 (1945). But, if there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," there is sufficient contacts to subject the defendant to the jurisdiction of the state. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Where the relationship between the defendant and the forum state is such that it is reasonably foreseeable that the defendant could be haled into court in the forum state, the minimum contact requirement is met. *Worldwide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 292–93, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

In this case, ATX's contacts with Illinois are not merely "random or fortuitous." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). ATX could have reasonably foreseen the possibility that it would be haled into an Illinois court when it agreed to designate Illinois law as controlling the contract, by entering Illinois to initiate a transaction with an Illinois corporation, and by holding negotiations for a

2. Plaintiff cites this case for the proposition that when a party to a contract agrees to designate Illinois law as governing, that party has submitted to jurisdiction in Illinois. This reading misconstrues the holding of that case. Plaintiff cites the passage which states:

Having invoked the benefits and protection of Illinois law, defendants voluntarily submitted to the jurisdiction of Illinois courts.

However, this is qualified by a later statement that:

Admittedly, no single factor standing alone would appear to be sufficient to support *in personam* jurisdiction over the defendants. But the combined weight of the factors persuades the court that defendants have transacted business in Illinois.

Thus, the holding of *Everett* is that the designation of Illinois law in a contract without more will not necessarily subject all parties to the contract to personal jurisdiction in Illinois but it is a factor weighing in favor of personal jurisdiction.

contract with an Illinois corporation within the state of Illinois. Thus, Illinois' exercise of personal jurisdiction over ATX does not offend the due process clause.

### B. *Motion To Transfer*

Because ATX's motion to dismiss this case is denied, this court must consider ATX's motion to transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). Under this statute, there are three prerequisites for a valid transfer: "(1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must be for the convenience of the parties and witnesses, in the interest of justice." *Keppen v. Burlington Northern R. Co.*, 749 F.Supp. 181, 183 (N.D.Ill.1990); *Ratner v. Hecht*, 621 F.Supp. 378, 381 (N.D.Ill.1985).

 The party seeking transfer has the burden to show that these three requirements have been met and that there is a "clear balance of inconvenience in this district over the transferee district." *Ratner*, 621 F.Supp. at 381.

The first two of the prerequisites have been met in this case. Venue is proper in this forum since Sky Valley is an Illinois corporation. Venue is also proper in the Northern District of California since the property in interest is located in California and the contract at issue is to be performed in California. Thus, we are concerned here with the third prerequisite, whether the transfer is proper for the convenience of the parties and witnesses, in the interest of justice.

 Factors to be considered in this inquiry include, the plaintiff's choice of forum, the convenience of the parties and witnesses, availability of compulsory process, access to sources of proof, the condition of the court's calendar, and the interest of justice. *Ratner*, 621 F.Supp. at 381; *Magnavox Co. v. APF Electronics, Inc.*, 496 F.Supp. 29, 33 (N.D.Ill.1980).

### 1. Plaintiff's Choice of Forum

 Although the plaintiff's choice of forum is not an overriding factor in determining a motion under § 1404, *Environmental Services v. Bell Lumber and Pole Co.*, 607 F.Supp. 851 (N.D.Ill.1984), it is to be given considerable weight where it is the plaintiff's home forum. *Gallery House, Inc. v. Yi*, 587 F.Supp. 1036, 1040 (N.D.Ill.1984). In this case, Illinois is not only the plaintiff's home forum but Illinois law governs the contract at issue. Thus, ATX bears a heavy burden to show that the inconvenience to the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of the Illinois courts. *Bodine's Inc. v. Sunny–O, Inc.*, 494 F.Supp. 1279, 1285 (N.D.Ill.1980). It is not sufficient if the transfer will merely shift the burden from one party to the other but the transferee forum must be clearly more appropriate than the transferor forum. *Continental Illinois National Bank and Trust Co. of Chicago v. Stanley*, 585 F.Supp. 610, 612 (N.D.Ill.1984); *Magnavox Co.*, 496 F.Supp. at 34.

### 2. Convenience of the Parties and Witnesses

 The parties expected to testify on behalf of Sky Valley, Cyrus Tang, Robert Burke, Dan Chambers and Frank Sove, are all residents of Illinois. Cyrus Tang, however, owns a second home in California and spends a considerable amount of time there. Chambers, spends approximately eight out of every ten working days in California. Sove also spends a considerable amount of time in California. There are also four cases currently pending in California where Sky Valley and ATX are codefendants ("the California Suits"). Those suits all involve the same transaction as that involved here. Thus, it would be as convenient for the plaintiff to have to litigate in California as to litigate in Illinois. On the other hand, most of the parties expected to testify on behalf of ATX, although residents of Texas, temporarily reside in California or work there extensively. Thus, it would be more inconvenient for ATX to have to transport these parties

to Illinois than to transport them to California.

3. Availability of Compulsory Process

The factor weighing most heavily in favor of transfer is the location of the third party witnesses in California. There is currently pending in California, in addition to "the California Suits," a suit filed by ATX against Sky Valley concerning the same contract as that in dispute here ("the Counterclaims"). Sky Valley contends that this court should not consider transferring this case to California so that it can be consolidated with those Counterclaims since that suit was filed after this one and the action should have been filed here as a compulsory counterclaim.

ATX argues, however, that even if their claims should have been brought as a counterclaim in this suit, California is still the better forum due to the existence of third party witnesses who are necessary to prove their claims and rebut the claims of Sky Valley but whom are beyond the subpoena power of this court. These witnesses include representatives from Sky Valley San Francisco, L.P. and the City of Vallejo, California, and many of Sky Valley's employees and consultants who are residents of California.

 The interest of justice is better served by ensuring the presence of live witness testimony. "It is well settled that the trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured." *Ratner*, 621 F.Supp. at 382; *Coats Co., Inc. v. Vulcan Equipment Co., Ltd.*, 459 F.Supp. 654, 657 (N.D.Ill.1978). Nor should a litigant have to rely on deposition evidence where live witness testimony can be procured. *Ratner*, 621 F.Supp. at 382. Thus, the presence of third party witnesses outside the subpoena power of this court is a factor which weighs heavily in favor of transferring this case to the Northern District of California.

4. Other factors

Plaintiff contends that Illinois is the more convenient forum because Sky Val-

ley's documents are located in Illinois. However, ATX contends that the working documents from the project are all located in California. It will be equally inconvenient for Sky Valley to transport its documents to California or for ATX to transport its documents to Illinois. But the property involved in the transaction between ATX and Sky Valley is located in California and the events which form the basis of ATX's tort claims against Sky Valley also occurred in California. As such, those claims are governed by California law. Thus, the fact that Illinois law is designated as governing the contract causes of action is not dispositive here.

As stated above, ATX bears a heavy burden to show that the inconvenience to the parties and witnesses and the dictates of justice are substantial enough to overcome the presumption in favor of the Illinois courts. After carefully balancing the above factors, it is clear that ATX has met that burden. Justice is better served by transferring this case to the Northern District of California so that the third party witnesses are available to testify and so that this action can be consolidated with ATX's counterclaims which are pending in that court.

### CONCLUSION

For the foregoing reasons, the motion to dismiss for lack of personal jurisdiction is dismissed and the motion to transfer this action to the Northern District of California is granted.

IT IS SO ORDERED.